RENDERED: SEPTEMBER 28, 2017
TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

2016-SC-000530-TG
(2016-CA-001399-MR)

DATE 10/19/17 Kim Redmon, DC

COMMONWEALTH OF KENTUCKY                                    APPELLANT

ON APPEAL FROM WARREN CIRCUIT COURT
V.                         HONORABLE JOHN GRISE, JUDGE
NO. 16-CR-00635

JOSHUA DEANTE JACKSON                                        APPELLEE

AND

2016-SC-000531-TG
(2016-CA-001400-MR)

COMMONWEALTH OF KENTUCKY                                    APPELLANT

ON APPEAL FROM WARREN CIRCUIT COURT
V.                         HONORABLE JOHN GRISE, JUDGE
NO. 16-CR-00645

TELLY SAVALAS DENSON                                         APPELLEE

**OPINION OF THE COURT BY JUSTICE VENTERS**

**REVERSING**

In April 2016, the Governor signed into law SB 56, which amended KRS

189A.010, Kentucky's principal driving under the influence of alcohol (DUI)

statute. Subsection (5) of KRS 189A.010 provides substantially enhanced penalties for subsequent DUI offenses committed within a specified time frame, which we refer to as the "look-back" period. Subsequent offenses committed after the look-back period are not subject to enhancement.

The 2016 amendment increased the look-back period from five years to ten years. By the terms of the bill, the new ten-year look-back period went into effect immediately. Obviously, the expanded ten-year look-back period will capture more prior DUI offenses than the former five-year period. Correspondingly, the additional five years during which DUI offenses can serve as penalty-enhancing prior offenses means that more DUI offenders with prior DUI convictions will be subject to enhanced sentences.

A unique issue, created by the 2016 amendment of the look-back period, arises in the cases now before this Court. In separate prosecutions in the Warren Circuit Court, Joshua Deante Jackson and Telly Savalas Denson were charged with DUI, Fourth Offense, for offenses that occurred after the newly-amended version of KRS 189A.010 became effective. Both defendants had prior convictions for DUI offenses including one committed more than five years but less than ten years prior to his current, and thus beyond the five-year look-back period of the former law, but within the ten-year look-back period of the current law.

The circuit court held that the convictions exceeding the former five-year look-back period could not be used to elevate the current DUI charges to DUI, Fourth Offense. The Commonwealth appealed to the Court of Appeals.

2

Recognizing the matter as one of "great and immediate public importance," pursuant to CR 74.02, we accepted transfer of the appeal.

For the reasons explained below, we conclude that the trial court erred by excluding Jackson's 2009 and Denson's 2011 offenses from use as enhancing prior DUI convictions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As noted above, the Commonwealth charged each defendant with DUI, Fourth Offense, and the offense was committed after the 2016 revision of KRS 189A.010. As predicates for the DUI, Fourth Offense, charges, Jackson and Denson each had at least three prior DUI convictions, two of which were committed within five years of the current charge, but one of which preceded the current offense by more than five years, but less than ten years. Jackson's applicable charge was incurred October 9, 2008, in Warren County and he entered his guilty plea on March 3, 2009; Denson's applicable charge was incurred August 26, 2010, in Bullitt County and he pled guilty to the charge on March 2, 2011.

As pertinent here, Jackson's 2009 DUI conviction and Denson's 2011 DUI conviction were each based upon a written plea agreement that included the following standardized language:

> 5. . . . Should I be convicted of additional DUI offenses or operating on a suspended license offenses, penalties will be increased with each conviction.
> 6. I understand if I plead GUILTY, the Court may impose any punishment within the range provided by law . . . . The legal DUI penalty ranges are: (a) First Offense Within 5 Years [penalties stated] . . . . (b)

3

Second Offense Within 5 Years [penalties stated] . . . . (c) Third Offense Within 5 Years [penalties stated] . . . . (d) Fourth or Subsequent Offense Within 5 Years [penalties stated].[1]

The plea agreements correctly stated the sentencing scheme applicable when each DUI charge was incurred, including the then-current five-year look-back period provided in the pre-2016 version of KRS 189A.010.

Just after the effective change of the look-back period, Jackson and Denson were each charged with DUI, Fourth Offense, based in part upon their respective 2009 and 2011 convictions. Under the former version of KRS 189A.010, these offenses could not be used to enhance a DUI committed in 2016 because the five-year look-back limitation had expired. But, under the 2016 version of KRS 189A.010, they each fit easily within the ten-year look-back period.

Jackson and Denson, represented by the same attorney, each filed a motion in the circuit court challenging their prosecutions as fourth-time offenders. They presented three grounds for relief: 1) the application of the 2016 amendment to their pre-2016 conviction violates *ex post facto* principles; 2) the amendment was "entrapment by estoppel";[2] and 3) respectively, the use of the 2009 and 2011 DUI convictions violates due process under *Boykin* because each defendant was informed at the time of his guilty plea that his

---

[1] Denson's Bullitt County plea agreement had the additional relevant paragraph: "I understand that because of my conviction here today, I may be subjected to greater/enhanced penalties if found guilty and/or convicted of any future criminal offenses . . . ."

[2] The defendants abandoned their "entrapment by estoppel" argument and so we do not further address that theory of relief.

4

crime exposed him to penalty enhancements only for future DUIs committed within five years.

The trial court was not persuaded by these arguments, and instead concluded *sua sponte* that the provisions of the 2009 and 2011 plea agreements quoted above created enforceable contractual provisions which assured Jackson and Denson that their convictions could not enhance subsequent DUI offenses committed after five years. The circuit court therefore ruled that, despite the 2016 amendment allowing a ten-year retrospective period for prior DUIs, using prior offenses more than five years old to enhance the penalty for 2016 offenses would violate contractual rights established in the defendants' plea agreements.

The Commonwealth appealed both rulings to the Court of Appeals. We accepted transfer pursuant to CR 74.02.

## II. PLEA AGREEMENT CONTRACT PRINCIPLES DO NOT BAR APPLICATION OF THE NEW RULES

The Commonwealth challenges on appeal the trial court's contract rationale for barring the use of the 2009 and 2011 convictions to enhance the penalty applicable to the 2016 offenses. The Commonwealth acknowledges, and we reaffirm that "[g]enerally, plea agreements in criminal cases are contracts between the accused and the Commonwealth, and are interpreted according to ordinary contract principles." *McClanahan v. Commonwealth,* 308 S.W.3d 694, 701 (Ky. 2010) (citations omitted); *accord Smith v. Commonwealth,* 400 S.W.3d 742, 744 (Ky. 2013) ("[T]his Court applies traditional principles of contract law when interpreting and enforcing plea agreements."). The

5

interpretation of a contract is a question of law to be determined *de novo* on appellate review. *Kentucky Shakespeare Festival, Inc. v. Dunaway*, 490 S.W.3d 691, 695 (Ky. 2016) (citation omitted). "Once a plea agreement is accepted by a defendant, the agreement is binding upon the Commonwealth—subject to approval by the trial court—and the accused is entitled to the benefit of his bargain." *Elmore v. Commonwealth*, 236 S.W.3d 623, 626 (Ky. App. 2007) (citations omitted).

The Commonwealth accepts that contract principles generally govern plea agreement issues,[3] but it disputes the trial court's interpretation of the 2009 and 2011 plea agreements as having created a contractual promise to Jackson and Denson, respectively, that their convictions could only enhance future DUI offenses committed within the five-year limitation of the version of KRS 189A.010 applicable at that time. Upon review of the 2009 and 2011 guilty pleas, we agree that Jackson and Denson were not promised, nor were they reasonably induced to believe, that their pleas in these cases would never be used to enhance the penalty for a subsequent DUI conviction more than five years in the future.

---

[3] We hasten to add that plea agreements are also governed by due process analysis.
> Because a defendant pleading guilty pursuant to a plea agreement waives several fundamental constitutional rights, *see Boykin v. Alabama,* 395 U.S. 238, 243 (1969), the circumstances surrounding the plea agreement must comport with due process to ensure defendant's understanding of its consequences. The notion of fundamental fairness embodied in due process implies that whatever promises the government makes in the course of a plea agreement to induce a guilty plea must be fulfilled.

*Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162, 167 (2d Cir. 2000) (internal citations omitted).

6

Jackson's and Denson's arguments, and the trial court's decision in each case, rely only on the two sections of the plea agreement quoted above. The plea agreements clearly explained that DUI penalties "will be increased with each conviction," but neither agreement promised a time limit to the period for which the conviction could be used as a penalty enhancement of future DUI convictions. The only reference to a five-year period is the section of the plea agreement that accurately details the range of penalties applicable at the time of the plea. That provision does not promise that DUI convictions can only be used to enhance penalties of future offenses for five years. That provision relates only to the crime being pled, and says nothing about the penalty for subsequent DUI violations. We do not believe it would be reasonable for a defendant pleading guilty under the agreement to infer from some combination of the two provisions that the future ramifications of his conviction would cease after five years. They were not told that, and the plea agreement contract does not say that. We reject the contentions of Jackson and Denson that the plea agreement contains a five-year look-back period.

*Utilities Electrical Machine Corp. v. Joseph E. Seagram & Sons*, 187 S.W.2d 1015, 1018 (Ky. 1945), held that the meeting of the minds was "the most essential factor to constitute a binding contract." Objectively, we conclude from the language employed in the plea agreement that a reasonable person could not construe the intent of the boilerplate language parroting the statutory range of penalties for a DUI conviction as a promise by the Commonwealth limiting the future effect of the conviction so as to immunize

7

the defendant forever thereafter from future legislative modifications of the look-back period. That clearly is not the purpose of the language relied upon; and if indeed such was the intent of the parties, then the expectation would be that such a crucial limitation would be prominently featured instead of being embedded ambiguously in an informational provision whose primary purpose is to explain the range of penalties applicable to the specific conviction.

Similarly, from a subjective perspective, we are not persuaded that either the defendants, defense counsel, the prosecutors, or the presiding judge left the courtroom after completing the guilty pleas with the belief that the plea agreement had locked-in the statutory five-year look-back period. Realistically, that concern, if it existed at all, was not part of the agreement.

It is also worth noting that, under the defendants' theory, a DUI defendant who had incurred the same prior DUI offenses on the same previous dates but who went to trial instead of pleading guilty would have no cognizable claim to the exemption from the 2016 amendment, while the similarly situated defendant pleading guilty would be exempted. This theory produces an absurd result, which further supports our conclusion that this was not the intent of the plea agreement language relied upon by the defendants.

We further note with interest that courts in California have addressed virtually the same issue, under substantially similar plea agreement terms. *See People v. Sweet*, 207 Cal. App. 3d 78 (Cal. App. 2d Dist. 1989); *People v. Forester*, 156 Cal. App. 4th 1021 (Cal. App. 2d Dist. 2007). Those courts, too,

8

examined and rejected the contractual theory applied here by the trial court and urged now by Jackson and Denson.

In summary, we conclude that language in DUI agreements such as that in this case, and similar allusions to the five-year look-back period which may have occurred during the plea bargain process, were not intended to constitute an immunization of DUI defendants from the 2016 changes to the DUI statute, and so may not be relied upon by defendants to avoid the application of the new look-back period.

### III. THE ALTERNATIVE GROUNDS RELIED UPON BY JACKSON AND DENSON FOR AFFIRMING THE TRIAL COURT'S DECISION ARE UNPERSUASIVE

Jackson and Denson cite alternative grounds upon which we might affirm the trial court if we are otherwise disposed to reject the proffered contractual theory. We consider each argument in turn.

### 1) Application of the 2016 amendments to KRS 189A.010 does not violate *ex post facto* principles or KRS 446.080(3).

The defendants argue that the new look-back rule should not be applied to their post-April 2016 DUI charges because the application of the newer statute would violate *ex post facto* principles prohibited under both the United States Constitution and the Kentucky Constitution. U.S. Const. art. I, § 10;[4]

---

[4] "No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."

Ky. Const. § 19(1).[5] They further argue that application of the amended look-back period would violate the retroactivity rules contained in KRS 446.080(3).

> An *ex post facto* law is any law, which criminalizes an act that was innocent when done, aggravates or increases the punishment for a crime as compared to the punishment when the crime was committed, or alters the rules of evidence to require less or different proof in order to convict than what was necessary when the crime was committed. The key inquiry is whether a retrospective law is punitive.

*Buck v. Commonwealth,* 308 S.W.3d 661, 664-65 (Ky. 2010) (citations omitted); *see also Pate v. Department of Corrections,* 466 S.W.3d 480, 486-87 (Ky. 2015) (In determining whether a statute violates the constitutional *ex post facto* prohibition, courts must consider whether the law imposes a punishment for an act which was not punishable at the time it was committed, or imposes additional punishment to that then prescribed.)

The defendants' 2016 DUI offenses were committed *after* the effective date of the 2016 amendment of KRS 189A.010 extending the DUI prior offense look-back period from five years to ten years. They are not charged with a crime that was legal when committed but was rendered illegal by the 2016 amendment. Because their current crime was committed after the 2016 amendment, it cannot be said that the amendment aggravated or increased the punishment beyond the applicable punishment when the crime was committed. The 2016 amendment did not alter the rules of evidence to require less proof or different proof to convict than what was necessary when the crime

---

[5] "No ex post facto law, nor any law impairing the obligation of contracts, shall be enacted."

10

was committed. Because the 2016 amendment was in effect when the crimes under review were committed, *ex post facto* principles cannot preclude its application to the crimes under review.

The defendants also argue that the April 2016 amendment should not be applied to them as the amended statute fails to state an intent for retroactive application. KRS 446.080(3) provides that "No statute shall be construed to be retroactive, unless expressly so declared." *See also* KRS 446.110 ("No new law shall be construed to repeal a former law as to any offense committed against a former law . . . ."). Again, however, because the crimes under review were allegedly committed *after* the effective date of the 2016 amendment, the defendants are being prosecuted under the statute that was in effect at the time of their alleged crimes. There is no retroactive application of a new law to a situation that occurred before the law became effective.

Under essentially these identical circumstances, we previously held that any new DUI penalty provisions as contained in the amended statute may be applied to the new DUI charges. In *Commonwealth v. Ball*, 691 S.W.2d 207 (Ky. 1985), the defendant had a prior DUI conviction obtained before the enactment of the statute enhancing the penalties for subsequent DUI offenses, KRS 189A.010. When the same defendant was charged with another DUI after the enactment of KRS 189A.010, we held that *ex post facto* principles posed no barrier to using the first conviction to enhance the penalties for the latter conviction. We said that the new statute did not create a new offense, but

11

merely imposed different penalties on the same criminal act depending on the status of the offender. The same principle is applicable here.

Based upon the authorities cited above, we agree with the circuit court's conclusion that application of the new look-back period to current charges against Jackson and Denson is not barred by *ex post facto* principles and is not being improperly applied retroactively.

### 2) *Boykin v. Alabama* does not bar the application of the 2016 amendment of KRS 189A.010.

The defendants also argue that the application of the amended new look-back period violates the requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969). *Boykin* sets forth the constitutional mandates applicable to guilty pleas. More specifically *Boykin* requires that when a plea of guilty is entered in a state criminal trial, the record must affirmatively show that the defendant was informed of, and waived, his privilege against compulsory self-incrimination; his right to a trial by jury; and his right to confront his accusers. *Id.* at 243. Waiver of these three important federal rights cannot be presumed from a silent record. *Id.*

The fact that subsequent legislative measures may unforeseeably alter the consequences and effects of the criminal conviction does not take the plea retrospectively outside the scope of the *Boykin* requirements. A plea entered without knowledge of unanticipated and unforeseeable consequences that may not become manifest for many years does not have the constitutional significance of a plea entered without knowledge of its immediate foreseeable

12

consequences, or in ignorance of the fundamental rights to remain silent, to a jury trial, and to confront witnesses. Thus, we are unpersuaded that the defendants' 2009 and 2011 guilty pleas, undertaken in ignorance of legislative changes years in the future, fall within the scope of *Boykin.*

## IV.  CONCLUSION

For the foregoing reasons, the judgments of the Warren Circuit Court in *Commonwealth v. Jackson* and *Commonwealth v. Denson* are reversed, and the cases are remanded for additional proceedings consistent with this opinion.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Andy Beshear
Attorney General

Perry Thomas Ryan
Assistant Attorney General


COUNSEL FOR APPELLEES:

Steven Jared Buck
Assistant Public Advocate
Department of Public Advocacy

COUNSEL FOR AMICUS CURIAE KENTUCKY ASSOCIATION OF CRIMINAL DEFENSE LAWYERS:

James David Niehaus
Professional Arts Building, 4th Floor
730 W. Market Street
Louisville, KY 40202

Amy Irene Hannah

President, KACDL
P.O. Box 326
Hebron, KY 41048


Joshua Michael Reho
Advocacy Plaza
719 West Jefferson Street
Louisville, KY 40202