JONES, JUDGE:
Appellant, Blaire Phillips, appeals an order of the Jefferson Circuit Court denying her petition for a writ of mandamus against Appellee, Jefferson District Court Judge Anne Delahanty. Finding no error, we affirm the order of the Jefferson Circuit Court.
I. BACKGROUND
Blaire was charged with Driving Under the Influence ("DUI"), First Offense in October of 2010. The following July, Blaire pleaded guilty to DUI, First Offense, Aggravated, and signed and entered an AOC Guilty Plea form. By that form, Blaire was informed that her guilty plea would make her susceptible to KRS 1 189A.010(5), which enhances penalties for subsequent DUI offenses committed within a specified time frame, referred to as a "look-back" period. At the time Blaire pleaded guilty, the look-back period under KRS 189A.010(5) was five years.[2]
On April 9, 2016, Governor Bevin signed SB[3] 56 into law. SB 56 amended the look-back period in KRS 189A.010(5) from five years to ten years. Six days later, Blaire was arrested in Jefferson County and again charged with DUI, First Offense. In *654 May of 2016, the Commonwealth moved to amend the charges against Blaire to DUI, Second Offense, in light of the recent amendment to the look-back period in KRS 189A.010(5). Blaire opposed the Commonwealth's motion to amend, contending that in seeking to apply the amended look-back period, the Commonwealth was attempting to alter the terms of her previously-entered plea agreement. Additionally, Blaire contended that the Commonwealth's attempt to apply the new look-back period violated the Boykin[4] requirement that all plea agreements be made knowingly, intelligently, and voluntarily and that applying the ten-year look-back period violated principles against ex post facto application of laws and KRS 446.080(3).[5] Judge Delahanty granted the Commonwealth's motion to amend the charges in August of 2016. Consistent with the amended charge, the Commonwealth moved the district court for pretrial suspension of Blaire's driver's license. Blaire requested a continuance and filed a petition for writ of mandamus with the Jefferson Circuit Court on August 10, 2016.
Blaire's petition for mandamus and accompanying memorandum of law contended that a writ was appropriate because Judge Delahanty had erroneously interpreted and applied SB 56 as retroactive. Blaire contended that she would suffer an irreparable injury if the district court entered a pretrial suspension of her driver's license and that she had no adequate remedy by way of appeal, as a successful appeal would not "un-suspend" her driver's license for the pretrial period. Accordingly, Blaire requested a writ requiring Judge Delahanty to refrain from applying the ten-year look-back period to her DUI charge.
The Commonwealth responded to Blaire's petition on August 30, 2016. In its response, the Commonwealth contended that the circuit court should dismiss Blaire's petition as it failed to set forth the mandatory prerequisites for a writ of mandamus. As additional grounds for dismissal of Blaire's petition, the Commonwealth noted that Blaire was arguing that application of SB 56 was unconstitutional but had failed to notify the Attorney General of her claims, as required by KRS 418.075(1) and CR 6 24.03. The Commonwealth further contended that Blaire's underlying substantive claims were unmeritorious, as there was nothing about the application of SB 56 to the facts of Blaire's case that constituted impermissible retroactivity or constituted a violation of the ex post facto clauses.
A hearing on the petition for writ of mandamus was held on December 5, 2016. At the hearing, Blaire's counsel argued that allowing the Commonwealth to apply SB 56 to enhance Blaire's DUI charge was tantamount to allowing the Commonwealth to renege on promises it had made in Blaire's plea agreement. While reiterating the contention that pretrial suspension of Blaire's license would constitute irreparable injury, Blaire's counsel additionally contended that irreparable injury was not needed in this instance, as a substantial miscarriage of justice would occur if Judge Delahanty was permitted to apply SB 56 to Blaire's charges. Counsel noted that other divisions of Jefferson District Court had *655 not been applying SB 56 in the same way that Judge Delahanty was, which created inconsistency in the law. The Commonwealth maintained its argument that a writ was an inappropriate remedy in this case and that Blaire's substantive claims lacked merit.
The circuit court entered an order denying Blaire's petition for a writ of mandamus on December 7, 2016. Therein, the circuit court found that Blaire had an adequate remedy by way of appeal, if and when she was convicted on the DUI charge, and that pre-trial suspension of Blaire's driver's license did not amount to a level of injury necessitating a writ of mandamus. Accordingly, the circuit court concluded that issuance of a writ would be inappropriate. The circuit court also briefly addressed Blaire's substantive arguments and concluded that application of SB 56 to Blaire's current DUI charge did not constitute impermissible retroactivity.
This appeal followed.
II. STANDARD OF REVIEW
Appeals of a writ action are reviewed under a three-part analysis. Appalachian Racing, LLC v. Commonwealth , 504 S.W.3d 1, 4 (Ky. 2016). Factual findings are reviewed for clear error and legal conclusions are reviewed de novo . Id. "But ultimately, the decision whether or not to issue a writ of prohibition is a question of judicial discretion. So review of a court's decision to issue a writ is conducted under the abuse-of-discretion standard." Id.
III. ANALYSIS
"Relief by way of prohibition or mandamus is an extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief." Bender v. Eaton , 343 S.W.2d 799, 800 (Ky. 1961). There are two general classes under which relief by way of a writ may be granted: (1) where a court is acting without jurisdiction or beyond its jurisdiction and (2) where a court is acting erroneously within its jurisdiction. Id. Blaire's claims fall into the second class.
Generally, petitions for writs of mandamus alleging that a court is acting erroneously, but within its jurisdiction, will not be granted "unless the petitioner established, as conditions precedent, that [s]he (a) had no adequate remedy by appeal or otherwise and (b) would suffer great and irreparable injury (if error had been committed and relief denied)." Id. at 801. However, "in certain special cases" courts will entertain petitions for mandamus without the petitioner showing great and irreparable injury, "provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, and correction of the error is necessary and appropriate in the interest of orderly judicial administration." Id.
We agree with the circuit court that Blaire did not demonstrate that she lacked an adequate remedy by way of appeal or that she would suffer an irreparable injury if her petition for a writ was not granted. Should Blaire be convicted on her current DUI charge, she has the right to appeal that conviction and challenge Judge Delahanty's application of SB 56. KY. CONST. § 115. Further, suspension of one's driver's license does not reach the level of injury necessary for issuance of a writ of prohibition. While having one's driver's license suspended is certainly inconvenient, such inconvenience does not constitute an injury of "ruinous or grievous nature" necessitating issuance of a writ. Radford v. Lovelace , 212 S.W.3d 72, 78 (Ky. 2006) (citing Bender , 343 S.W.2d at 802 ), overruled on other grounds by *656 Cardine v. Commonwealth , 283 S.W.3d 641 (Ky. 2009). "As a legitimately regulated privilege, the right to possess an operator's license does not involve an inherently fundamental and constitutionally protected right." Pletcher v. Commonwealth , 992 S.W.2d 852, 854 (Ky. App. 1998)
In any event, Blaire cannot show that the district court judge was acting erroneously. The conclusion that Judge Delahanty was acting appropriately in applying the ten-year look-back period to Blaire's DUI charge was confirmed in a recent Kentucky Supreme Court opinion, Commonwealth v. Jackson , 529 S.W.3d 739 (Ky. 2017). In Jackson , the Court expressly addressed each of the contentions that Blaire has raised in arguing that SB 56 cannot be applied to her case. The Court held that any reference to the five-year look-back period that may have occurred during the defendants' bargain process "were not intended to constitute an immunization of DUI defendants from the 2016 changes to the DUI statute, and so may not be relied upon by defendants to avoid the application of the new look-back period." Id. at 745. Additionally, the Court held that application of SB 56 did not violate ex post facto principles or KRS 446.080(3), id. at 745-46, and that Boykin does not bar application of the amended statute. Id. at 746-47.
IV. CONCLUSION
Following review of the principles governing the issuance of writs of prohibition and the Kentucky Supreme Court's opinion in Jackson , we conclude that there was no error in denying Blaire's petition. Accordingly, the order of the Jefferson Circuit Court is AFFIRMED.
ALL CONCUR.

A copy of Blaire's guilty plea is not a part of the record before us, so the exact language used in the plea is uncertain. Blaire's Memorandum of Law in support of her petition for a writ of mandamus states that the AOC Guilty Plea form informed her that she would be "susceptible to the Kentucky DUI enhanceability rule-that if she were to be charged with another DUI within a five (5) year period, her plea would be used against her to increase the subsequent charge to a DUI, Second Offense." R. 6.

Senate Bill.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Providing that "[n]o statute should be construed to be retroactive, unless expressly so declared."