JOHNSON, JUDGE:
*313 Anthony Terrell Martin entered a conditional plea in the Logan Circuit Court to a fourth offense of driving under the influence of alcohol or drugs ("DUI") within a ten-year period. Martin now appeals the judgment based upon that plea which sentenced him to four years' imprisonment. After reviewing the record in conjunction with the applicable legal authorities, we affirm the judgment of the Logan Circuit Court.
BACKGROUND
Martin was indicted for a series of offenses, including DUI fourth, stemming from his arrest on August 12, 2016. Prior to this current DUI charge, Martin had previously been convicted of DUI in 2007, 2015, and 2016. On April 9, 2016, certain amendments to Kentucky Revised Statutes ("KRS") 189A.010 went into effect. Pertinent to this appeal, there was a substantive change to KRS 189A.010 which extended the look-back period for enhancement of DUI penalties from a period of five years to ten years. Because Martin's August 2016 offense occurred after the effective date of the amendment to KRS 189A.010, he was charged with DUI fourth offense due to the inclusion of his 2007 DUI conviction in calculating his prior offenses.
Martin subsequently entered a conditional guilty plea to the DUI fourth charge, reserving his right to appeal the issue of whether the ten-year look-back period could be applied for the purposes of imposing the mandatory penalty provisions of KRS 189A.010(5)(d). He now appeals from the judgment based on that plea, alleging a violation of his rights under contract law, under Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and under his constitutional right to be free from the application of ex post facto laws.
STANDARD OF REVIEW
"Generally, plea agreements in criminal cases are contracts between the accused and the Commonwealth, and are interpreted according to ordinary contract principles." McClanahan v. Commonwealth , 308 S.W.3d 694, 701 (Ky. 2010) (citations omitted). The interpretation of a contract is a question of law to be determined de novo on appellate review. Kentucky Shakespeare Festival, Inc. v. Dunaway , 490 S.W.3d 691, 695 (Ky. 2016).
ANALYSIS
In Commonwealth v. Jackson, 529 S.W.3d 739 (Ky. 2017), the Supreme Court of Kentucky thoroughly analyzed and rejected each of the arguments Martin advances in this appeal. Guided by the rationale set out in Jackson , we first address Martin's contract argument in which he maintains that because there was a five-year look-back period at the time his previous plea agreements were entered, those agreements were made with the understanding that the convictions based on those pleas could not be used to enhance any subsequent DUI offenses which occurred beyond a period of five years. Only Martin's 2007 DUI conviction lies outside the five-year look-back period and he argues that to allow the Commonwealth to use that conviction for purposes of enhancement of the 2016 charge violates his prior plea agreement. However, in specifically addressing that contention, the Jackson court decided otherwise:
*314 It is also worth noting that, under the defendants' theory, a DUI defendant who had incurred the same prior DUI offenses on the same previous dates but who went to trial instead of pleading guilty would have no cognizable claim to the exemption from the 2016 amendment, while the similarly situated defendant pleading guilty would be exempted. This theory produces an absurd result, which further supports our conclusion that this was not the intent of the plea agreement language relied upon by the defendants.
....
[W]e conclude that language in DUI agreements such as that in this case, and similar allusions to the five-year look-back period which may have occurred during the plea bargain process, were not intended to constitute an immunization of DUI defendants from the 2016 changes to the DUI statute, and so may not be relied upon by defendants to avoid the application of the new look-back period.
529 S.W.3d at 745.
Because contract principles do not preclude application of the amended statute to Martin's current offense, we are convinced that the circuit court's recognition of the 2007 DUI conviction for purposes of enhancement did not breach or violate his previous plea agreement. Id.
Having concluded that Martin's contract argument does not afford him the requested relief, we turn to his contention that the decision of the United States Supreme Court in Boykin bars application of the amended look-back period to include his 2007 conviction. Boykin requires that at the time a guilty plea is entered, the record must affirmatively show that the defendant was informed of and waived his privilege against self-incrimination; his right to a jury trial; and his right to confront his accusers. Boykin , 395 U.S. at 243, 89 S.Ct. 1709. That a defendant waived these constitutional rights may not be inferred from a silent record. Id.
Again, Jackson is dispositive of Martin's Boykin argument. As the Kentucky Supreme Court fully explained in Jackson , "[t]he fact that subsequent legislative measures may unforeseeably alter the consequences and effects of the criminal conviction does not take the plea retrospectively outside the scope of the Boykin requirements." 529 S.W.3d at 747. In other words, the mere possibility that there may be unforeseen future legislative changes which impact the penalties for future offenses does not serve to retroactively render an otherwise valid plea to have been involuntarily entered. What Boykin proscribes is the entry of a guilty plea without knowledge of its immediate foreseeable consequences. Under the rationale of Jackson , the circuit court correctly ruled that Martin's previous guilty pleas, taken in ignorance of legislative changes which occurred years in the future, are not within the scope of a Boykin challenge.
Lastly, Martin contends that to allow the Commonwealth to apply the ten-year look-back period to include his 2007 conviction would violate ex post facto principles under both the United States Constitution and the Kentucky Constitution. U.S. CONST. art. I § 10; Kentucky Constitution § 19 (1). To determine whether a statute violates ex post facto principles, we must consider whether the law imposes a punishment for an act that was not punishable at the time it was committed or imposes additional punishment to an already prescribed punishment. Pate v. Dep't of Corr. , 466 S.W.3d 480, 486-87 (Ky. 2015).
Here, the amendments to KRS 189A.010 became effective on April 9, 2016, and Martin was charged for an offense which *315 occurred on August 12, 2016. A conviction for DUI fourth was subject to the same penalty before and after the amendment to the look-back period. The 2016 amendment did not impose additional punishment, it merely changed the manner in which the penalty was calculated by enlarging the look-back period.
Once again, the Supreme Court in Jackson foreclosed Martin's ex post facto argument:
Under essentially these identical circumstances, we previously held that any new DUI penalty provisions as contained in the amended statute may be applied to the new DUI charges. In Commonwealth v. Ball , 691 S.W.2d 207 (Ky. 1985), the defendant had a prior DUI conviction obtained before the enactment of the statute enhancing the penalties for subsequent DUI offenses, KRS 189A.010. When the same defendant was charged with another DUI after the enactment of KRS 189A.010, we held that ex post facto principles posed no barrier to using the first conviction to enhance the penalties for the latter conviction. We said that the new statute did not create a new offense, but merely imposed different penalties on the same criminal act depending on the status of the offender. The same principle is applicable here.
529 S.W.3d at 746.
Because Martin was charged with a DUI after the effective date of the amendment to the look-back provision, ex post facto principles do not bar application of the new period in this case. Thus, we find no error in the trial court's decision to allow the amended look-back provisions of KRS 189A.010 to apply to Martin's sentencing for a fourth DUI conviction within a ten-year period.
CONCLUSION
Based upon the foregoing, we affirm the judgment of the Logan Circuit Court.
ALL CONCUR.