LAMBERT, J., JUDGE:
*98 Clint Power entered a conditional plea in the Boone Circuit Court to a fourth offense of driving under the influence of alcohol or drugs ("DUI") within a ten-year period. Power appeals the judgment based upon that plea which sentenced him to two years' imprisonment. After reviewing the record and applicable legal authorities, we affirm the judgment of the Boone Circuit Court.
Power was arrested for DUI on July 30, 2016. His other charges at the time included operating on an expired license and failure to produce an insurance card. Power's prior DUI convictions occurred in 2007, 2012, and 2014. Because this was his fourth arrest in a ten-year period, Power was indicted as a felon under the then recently amended (effective April 9, 2016) Kentucky Revised Statute (KRS) 189A.010(5)(d), which states:
Any person who violates the provisions of paragraph (a), (b), (c), (d), or (e) of subsection (1) of this section shall:
...
For a fourth or subsequent offense within a ten (10) year period, be guilty of a Class D felony. If any of the aggravating circumstances listed in subsection (11) of this section are present, the mandatory minimum term of imprisonment shall be two hundred forty (240) days, which term shall not be suspended, probated, conditionally discharged, or subject to any other form of release[.]
Prior to the amendment, the "look back" period for DUIs was five years, which would have eliminated Power's 2007 conviction for enhancement purposes on the July 2016 offense.[1] Accordingly, Power filed a motion to suppress the 2007 conviction, arguing, as he does here, that its use was violative of contractual promises made in the 2007 plea agreement; that it was violative of the protections ensured by Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Kentucky Rule of Criminal Procedure ( RCr 8.08 ), that a guilty plea be made "voluntarily with understanding of the nature of the charge"; and that the ten-year rather than five-year "look back" period was violative of the constitutional protections (both federal and state[2] ) against ex post facto law.
Power acknowledges that these identical issues were raised before and rejected by the Kentucky Supreme Court in Commonwealth v. Jackson , 529 S.W.3d 739 (Ky. 2017). However, he urges this Court to "express its opinion if it views the law differently."
We decline this invitation. "[T]his Court is bound by established precedents of the Kentucky Supreme Court. [Supreme Court Rule (SCR) ] 1.030(8)(a). The Court of Appeals cannot overrule the established precedent set by the Supreme Court or its predecessor court." Smith v. Vilvarajah , 57 S.W.3d 839, 841 (Ky. App. 2000) (citing Special Fund v. Francis , 708 S.W.2d 641, 642 (Ky. 1986) ). Furthermore, the Court *99 of Appeals has since rendered the published decisions of Phillips v. Delahanty , 544 S.W.3d 652 (Ky. App. 2018) ; and Martin v. Commonwealth , 557 S.W.3d 311, 2017 -CA-001187-MR, 2018 WL 4261864 (Ky. App. 2018) (Opinion Final Oct. 18, 2018). These as well as numerous unpublished decisions have followed the precedent set by Jackson, supra. We shall not accept the invitation to address the arguments any further.
The judgment of the Boone Circuit Court is affirmed.
JONES, JUDGE, CONCURS.
THOMPSON, JUDGE, DISSENTS.

The Commonwealth states in its brief that Power, while out on bond for the within offense, was arrested and charged with yet another DUI (on October 31, 2016). He entered a guilty plea to DUI, fourth offense, on that charge and received a sentence of three and one-half years' imprisonment.

U.S. Const. art. I, § 10; 4 Ky. Const. § 19 (1). See also KRS 446.080(3).