RENDERED:  OCTOBER 30, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1017-MR

SIDNEY WILLIAMS                                                    APPELLANT


v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 11-CR-00618


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, MAZE, AND MCNEILL, JUDGES.

CALDWELL, JUDGE:  Sidney Williams was found guilty of manslaughter in the

first degree for the shooting death of his acquaintance, Victor Martin, and for other

charges associated with the crime and its aftermath.  His convictions and total

sentence of thirty-five (35) years' imprisonment were affirmed by the Kentucky

Supreme Court in 2014 (No. 2013-SC-000264-MR).

In 2015, Williams filed a motion seeking relief from his conviction

under Kentucky Rule of Criminal Procedure (RCr) 11.42, wherein he alleged

ineffective assistance of counsel, arguing appointed counsel at trial was ineffective, in part, for failing to object to the form of a self-defense instruction. That motion was denied, and the denial affirmed by this Court in an unpublished Opinion in 2017 (No. 2016-CA-000434-MR).[1]

Regardless of having previously filed a motion pursuant to RCr 11.42, once notified by this Court in the previous post-conviction Opinion that the faulty instruction was a trial court error, and not a matter of ineffective assistance of counsel, Williams filed a successive motion in 2018. In this successive motion, Williams alleged that his post-conviction counsel had been ineffective for not alleging his appellate counsel had been ineffective in not raising as error the failure of the trial court to properly instruct the jury on self-protection. The circuit court denied the successive motion, and Williams has appealed. In denying, the circuit court found that Williams had previously litigated an RCr 11.42 motion in this matter and "a movant must raise ineffective assistance claims in an initial-review collateral proceeding." As this filing was a successive action, the circuit court

---

[1] "The record reflects defense counsel not only made a general objection to the instructions following the private conference with the court and the Commonwealth, but had also proffered its own instructions which *did not* contain the [*Commonwealth v. Hager*, 41 S.W.3d 828 (Ky. 2001)] error. The instructions submitted by the defense contain a standalone 'Instruction No. 3A' on self-protection which *precedes* the substantive homicide instructions—the same practice which the Kentucky Supreme Court later found acceptable in *Gribbins* [*v. Commonwealth*, 483 S.W.3d 370 (Ky. 2016)]. However, the circuit court declined to use these defense instructions. Thus, the issue is one of trial court error, not that of counsel, and so should have been brought on direct appeal." *Williams v. Commonwealth*, No. 2016-CA-000434-MR, 2017 WL 2392513, at *3 (Ky. App. Jun. 2, 2017).

denied same without an evidentiary hearing, finding that "the Motion may be summarily overruled and effectively decided simply based upon a review of the record and applicable case law, an evidentiary hearing is unnecessary, and Williams' request for such hearing is denied."

## STANDARD OF REVIEW

A convicted person, after an unsuccessful direct appeal, may collaterally attack his conviction via a post-conviction action.

> It is again necessary to set out the standard of review for claims raised in a collateral attack pursuant to RCr 11.42, alleging ineffective assistance of counsel at the trial. Such a motion is limited to the issues that were not and could not be raised on direct appeal. An issue raised and rejected on direct appeal may not be reconsidered in these proceedings by simply claiming that it amounts to ineffective assistance of counsel. *Haight v. Commonwealth*, Ky., 41 S.W.3d 436 (2001), citing *Sanborn v. Commonwealth*, Ky., 975 S.W.2d 905 (1998).

> The standards which measure ineffective assistance of counsel have been set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Gall v. Commonwealth*, Ky., 702 S.W.2d 37 (1985). In order to be ineffective, the performance of defense counsel must be below the objective standard of reasonableness and so prejudicial as to deprive a defendant of a fair trial and a reasonable result. *Strickland*, *supra*. It must be demonstrated that, absent the errors by trial counsel, there is a reasonable probability that the jury would have reached a different result. *See Norton v. Commonwealth*, Ky., 63 S.W.3d 175 (2001). The purpose of RCr 11.42 is to provide a forum for known grievances, not to provide an

opportunity to research for grievances. *Gilliam v. Commonwealth*, Ky., 652 S.W.2d 856 (1983); *Haight*, *supra*.

*Hodge v. Commonwealth*, 116 S.W.3d 463, 467-68 (Ky. 2003), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009).

## ANALYSIS

As outlined above, Williams has already filed and appealed unsuccessfully an order pursuant to an RCr 11.42 motion concerning this conviction. Successive RCr 11.42 motions that raise issues which should have been known at the time of the filing of the previous motion are not permitted.

> In general, RCr 11.42 gives a person under sentence **one, and only one**, opportunity to "state all grounds for holding the sentence invalid." RCr 11.42(3). Generally, a second such motion is not allowed. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983) (describing Kentucky's "organized and complete" set of procedures "for attacking the final judgment of a trial court in a criminal case"); *McQueen v. Commonwealth*, 949 S.W.2d 70 (Ky. 1997) (affirming the denial of a successive RCr 11.42 motion).

*McDaniel v. Commonwealth*, 495 S.W.3d 115, 121 (Ky. 2016) (emphasis added).

Williams entreats us in his brief to consider his allegations of ineffective assistance of appellate counsel in failing to raise the alleged instructional error, but we cannot ignore the fact that he had filed previously an RCr 11.42 motion without alleging appellate ineffective assistance. We are subject to uphold the interpretation of the law by our Kentucky Supreme Court:

-4-

> "[T]his Court is bound by established precedents of the
> Kentucky Supreme Court.  [Supreme Court Rule (SCR)]
> 1.030(8)(a).  The Court of Appeals cannot overrule the
> established precedent set by the Supreme Court or its
> predecessor court." *Smith v. Vilvarajah*, 57 S.W.3d 839,
> 841 (Ky. App. 2000) (citing *Special Fund v. Francis*, 708
> S.W.2d 641, 642 (Ky. 1986)).

*Power v. Commonwealth*, 563 S.W.3d 97, 98 (Ky. App. 2018).[2]

Finally, the Kentucky Supreme Court made it abundantly clear in

*Hollon v. Commonwealth*, 334 S.W.3d 431 (Ky. 2010), as pointed out in *Sanders*

*v. Commonwealth*, 339 S.W.3d 427, 435 (Ky. 2011):

> We directly addressed the issue of ineffective
> assistance of RCr 11.42 counsel in *Hollon*, wherein we
> stated "[f]or further clarity, we additionally emphasize
> that [ineffective assistance of appellate counsel] claims
> are limited to counsel's performance on direct appeal;
> there is no counterpart for counsel's performance on RCr
> 11.42 motions or other requests for postconviction
> relief." [*Hollon*, 334 S.W.3d] at 437.

In addition, Williams' motion is untimely.  RCr 11.42(10) requires

such motions to be filed within three years of the finality of the conviction.

Williams' conviction was affirmed by the Kentucky Supreme Court in an Opinion

which became final on November 13, 2014, and this present successive action was

filed on September 13, 2018.

---

[2] SCR 1.030(8)(a) provides:  "The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."

For all of the foregoing reasons, we affirm the circuit court's order denying relief.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Rebecca Ballard DiLoreto
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky