RENDERED: DECEMBER 15, 2016
TO BE PUBLISHED



Supreme Court of Kentucky

2016-SC-000206-MR

APPALACHIAN RACING, LLC., AND
FLOYD COUNTY, KENTUCKY, REAL
PARTIES IN INTEREST

APPELLANTS

V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2015-CA-001808
FLOYD CIRCUIT COURT NO. 15-CI-00836

COMMONWEALTH OF KENTUCKY,
KENTUCKY HORSE RACING COMMISSION,
AND HONORABLE JOHNNY RAY HARRIS,
JUDGE, FLOYD CIRCUIT COURT

APPELLEES

## OPINION OF THE COURT BY CHIEF JUSTICE MINTON

## AFFIRMING

Appalachian Racing, LLC, appeals to this Court from the Court of Appeals' order granting the Kentucky Horse Racing Commission a writ of prohibition barring the Floyd Circuit Court from enforcing its restraining order that prohibited the Commission from considering a license application. The Court of Appeals issued the writ because it determined the circuit court violated Kentucky's stringent separation of powers doctrine in issuing the order. We agree for slightly differing reasons and affirm the Court of Appeals.

# I. FACTUAL AND PROCEDURAL BACKGROUND.

Keeneland Association, Inc., entered into a contract with Appalachian Racing to preserve its interest in purchasing Appalachian Racing's ownership of Thunder Ridge, a quarter-horse racing track in Prestonsburg, Kentucky. The contract prohibited Appalachian Racing from taking any action that would amount to an effort to enter negotiations to sell the track to anyone else for approximately one year. Floyd County, Kentucky, also had an interest in this contract because it held bonds that were to be paid upon Keeneland's purchase of Thunder Ridge.

While the contract was pending, Keeneland applied for a license with the Commission on behalf of Cumberland Run, LLC, to operate a quarter-horse racing track in Corbin, Kentucky. The Commission issued public notice on November 23, 2015, that it would review this application for racing and wagering on December 1—an eight-day turnaround—to determine whether Keeneland's proposal complied with the regulatory prerequisites to opening a new racing facility.

Two days after the Commission's public notice Appalachian Racing, joined by Floyd County, sued the Commission in the Floyd Circuit Court on a theory of aiding and abetting fraud and tortious interference with a prospective advantage. In addition to its complaint, Appalachian Racing sought two other forms of immediate relief: (1) declaratory judgment that the Commission violated its right to intervene in Keeneland's application with the Commission and the Commission violated its obligation to provide twenty days' notice of its

2

proceeding, and (2) a temporary restraining order to prevent the Commission from issuing Keeneland a license. The circuit court issued a restraining order on December 1, 2015, "prohibiting the Commission from considering or taking any action on the license application identified as 'Keeneland's application to establish Quarter Horse Race Track (Cumberland Run) in Corbin and to offer wagering on Historical Horse Races[.]'". The Commission then filed an original action in the Court of Appeals seeking a writ of prohibition to prevent the Floyd Circuit Court from enforcing its restraining order.

The Court of Appeals granted the Commission's request for a writ of prohibition. The appellate panel concluded that there was no irreparable injury if the trial court's restraining order remained in place, but instead issued the writ under the "special cases" writ category—a limited category of writs granted in instances when the "orderly administration of justice" so requires. In issuing the writ, the panel determined that the trial court's order threatened the integrity of the robust separation of powers enshrined in the Kentucky Constitution, so this matter is most accurately deemed a "special case" warranting this form of equitable relief. Appalachian Racing disagrees, and now appeals to this Court as a matter of right, asking us to determine whether the Court of Appeals overreached in prohibiting the circuit court from enforcing its order. We conclude it did not.

## II. ANALYSIS.

### A. Standard of Review.

We employ a three-part analysis in reviewing the appeal of a writ action. We review the Court of Appeals' factual findings for clear error.[1] Legal conclusions we review under the de novo standard.[2] But ultimately, the decision whether or not to issue a writ of prohibition is a question of judicial discretion. So review of a court's decision to issue a writ is conducted under the abuse-of-discretion standard.[3] That is, we will not reverse the lower court's ruling absent a finding that the determination was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[4]

### B. The Court of Appeals Did Not Abuse Its Discretion in Issuing the Writ.

A writ of prohibition is an extraordinary remedy and is one that is issued with caution. In *Hoskins v. Maricle*, we recognized two specific situations where this form of relief is appropriate:

> [U]pon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.[5]

---

[1] *See Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004).

[2] *See id.*

[3] *See id.*

[4] *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

[5] 150 S.W.3d 1, 10 (Ky. 2004).

The first class of writs refers to subject-matter jurisdiction; that is, the lower court's core authority to hear the case at all.[6] The Court of Appeals summarily held that this writ class was unavailable to the Commission in this case—of course the Floyd Circuit Court has subject-matter jurisdiction over declaratory judgment actions. So this case is best analyzed under the second class of writs. For the second class of writs, the Commission must show that (1) it had no adequate remedy by appeal or otherwise and (2) it would suffer great and irreparable injury if denied relief.

The Court of Appeals admitted that the Commission in fact maintained an adequate remedy on appeal for part of the trial court's order; it may certainly appeal the trial court's issuance of declaratory judgment in Appalachian Racing's favor. But the panel determined that it did not possess an adequate remedy for the trial court's restraining order—a non-appealable interlocutory order. Appalachian Racing does not appear to dispute this aspect of the panel's analysis, so we are confident that the Court of Appeals was correct in determining the Commission met its burden of showing no adequate remedy by appeal.

The Court of Appeals then proceeded to evaluate the Commission's alleged injury from the Floyd Circuit's order. Under the "special" class of writs, where "the requirement of 'great and irreparable harm' [is] treated with a degree of flexibility permitting intervention if the administration of justice,

---

6 *See Goldstein v. Feeley*, 299 S.W.3d 549 (Ky. 2009); *Petrey v. Cain*, 987 S.W.2d 786, 788 (Ky. 1999) (*overruled on other grounds by Masters v. Masters*, 415 S.W.3d 621 (Ky. 2013)).

[rather than the petitioner], would suffer great and irreparable injury."[7] One such instance where this type of writ is appropriate is to "preserve the orderly administration of the laws."[8] The Court of Appeals labeled the Floyd Circuit order an assault on Kentucky's separation of powers and considered it within this class of writs. So it issued the writ of prohibition against enforcement of the order. We agree that the writ was proper.

As the Court of Appeals articulated, the Kentucky Constitution offers a "double-barreled, positive-negative approach" to separation of powers, making our provisions among the most powerful in the country.[9] We also echo the sentiment that "The essential purpose of separation of powers is to allow for independent functioning of each coequal branch of government within its assigned sphere of responsibility, free from risk of control, interference, or intimidation by other branches."[10] We certainly agree that preserving the integrity of this constitutional principle can mandate the issuance of a writ to ensure the "orderly administration of justice." But before we can affirm the Court of Appeals' issuance of the writ, we must first conclude that the circuit court order did indeed intrude on this well-established Kentucky constitutional value.

The Commission is an administrative agency whose constitutional powers derive from the executive branch's authority. And the Floyd Circuit

---

[7] *Wal-Mart Stores, Inc. v. Dickinson*, 29 S.W.3d 796, 801 (Ky. 2000).

[8] *Inverultra, S.A. v. Wilson*, 449 S.W.3d 339, 348-49 (Ky. 2014).

[9] *Legislative Research Comm'n v. Brown*, 664 S.W.2d 907, 911-12 (Ky. 1984).

[10] *Nixon v. Fitzgerald*, 457 U.S. 731, 760-61 (1982).

Court obviously wields the judicial power of the Commonwealth as a trial court of general jurisdiction. Our statutory scheme does provide for judicial review of agency decisions, but it also goes out of its way to declare precisely when a case is ripe for review. And we are certain this specific administrative action is far from ripe for meaningful judicial review.

Appalachian Racing takes particular issue with the Court of Appeals' characterization of the Commission's exercise of power in this capacity as using its "legislative power." The panel, in issuing the writ, relied on an old aphorism declaring that administrative agencies "perform a mixed bag of legislative, executive, and judicial functions."[11] The appellate panel differentiated these functions by stating that an agency acts legislatively when it carries out duties according to statute but judicially when adjudicating rights of parties adversely affected by agency decisions. So according to the Court of Appeals, "When the Commission meets to decide whether to grant a license to an applicant it employs a legislative function: exercising authority granted to it in KRS Chapter 230." Appalachian Racing disagrees, and contends the Commission was performing its judicial role. As it happens, both characterizations are imprecise and ignore the realities of our constitutional structure.

Sections 27 and 28 of the Kentucky Constitution contain some of the most powerful restrictions on government power-sharing in the country. In *Legislative Research Comm'n v. Brown*, we held that "Our present constitution contains explicit provisions which, on the one hand *mandate* separation among

---

[11] *Bourbon County Bd. of Adjustment v. Currans*, 873 S.W.2d 836, 838 (Ky. App. 1994).

the three branches of government, and on the other hand, specifically *prohibit* incursion of one branch of government into the powers and functions of the others."[12] Although it is true that the Commission acts according to the organic law created by the legislature when it charts a particular course under those powers to which it is entrusted, it is still exercising a purely *executive* function. An agency may indeed act in quasi-legislative or quasi-judicial capacities in performing that function, but it is not those particular sub-functions themselves that prohibit the Floyd Circuit Court from interfering. And it is something of an absurdity to suggest otherwise; the problem cannot be that the Floyd Circuit, as a court of law, cannot enjoin the Commission because it is acting legislatively. The Commission has no literal legislative power. It may not create law. It only executes clear commands from the General Assembly, albeit in a variety of ways. So, we think it is outlandish to postulate that a separation of powers issue arises and a circuit court is without jurisdiction to enjoin the Commission from exercising a power it does not constitutionally wield in the first place. Agencies are awarded vast discretion, and the legislature often delegates broad authority. But no matter how open-ended its power may at times be, an administrative agency may not act in the legislature's stead. And this forms a faulty basis for the Court of Appeals' decision below.

Instead, the real reason the Floyd Circuit Court may not enjoin the Commission from considering the application is because the circuit court exercises the judicial authority of the Commonwealth and the Commission

---

[12] 664 S.W.2d 907, 912 (Ky. 1984) (emphasis added).

exercises executive authority, and there is currently no justiciable claim for a court of law to decide. This is precisely the type of intrusion our separation-of-powers provisions were enacted to prevent. In *Clark v. Ardery*, our predecessor court held that we may not "approve the exertion of judicial power to perform a function vested in an executive body. Otherwise, our courts would be invading the domain of another branch of government, and gratuitously assuming responsibilities with which the latter is invested."[13] In short, there is nothing in the present suit that authorizes the Floyd Circuit Court to prevent the Commission from considering Keeneland's application.

This is not to say that agency actions may go unchecked by courts of law. To the contrary, Commission actions are no doubt subject to judicial review, but only once the matter is properly appealable. As the Court of Appeals panel recognized, if the Commission does issue Keeneland a license, that action may be appealed to the Franklin Circuit Court.[14] At that point, a judicially cognizable case or controversy is in fact mature, and the circuit court may decide whether the agency acted "arbitrarily or in excess of the authority conferred upon [it] by statute."[15] Or, alternatively, as the Court of Appeals opined, Appalachian Racing could file an independent action against the Commission if it finds itself aggrieved by its decision on this matter.[16] But until

---

[13] 222 S.W.2d 602, 605-06 (Ky. 1949).

[14] *See* KRS 230.300.

[15] *Foster v. Goodpaster*, 161 S.W.2d 626, 628 (Ky. 1942).

[16] *See Lexington Retail Beverage Dealers Ass'n v. Dept. of Alcoholic Beverage Control Bd.*, 303 S.W.2d 268, 269-70 (Ky. 1957).

then, the Floyd Circuit may not constitutionally stop the Commission from carrying out its duty as an executive agency.

We are confident that the Court of Appeals did not abuse its discretion in issuing the writ of prohibition.

### III.  CONCLUSION.

For the foregoing reasons, we affirm the Court of Appeals' decision issuing a Writ of Prohibition to bar enforcement of the Floyd Circuit Court's restraining order.

All sitting.  Minton, C.J.; Cunningham, Hughes, Keller, Noble and Venters, JJ., concur.

Wright, J., Dissents by separate opinion.

***Appalachian Racing v. Ky. Horse Racing Commission, 2016-206-MR***

WRIGHT, J., DISSENTING:  I respectfully dissent from the majority's grant of a writ in this matter.  I disagree that "the Commission met its burden of showing no adequate remedy by appeal."  Rather, I would hold that what the Floyd Circuit Court called a "restraining order" from which there is no right to appeal was, in actuality, a temporary injunction from which the Commission could have moved the Court of Appeals for interlocutory relief.

Our Rules of Civil Procedure provide for when a restraining order may be authorized.  Specifically, CR 65.03 reads, in pertinent part, that a restraining order may be authorized when "the applicant's rights are being or will be violated by the adverse party and the applicant will suffer immediate and irreparable injury, loss or damage *before* the adverse party or his attorney can

10

be heard in opposition . . . ." (Emphasis added.) Here, the Floyd Circuit Court order states "having heard from all parties . . . ." If the court had, indeed, heard from the parties, then the order was actually a temporary injunction—not a restraining order—regardless of how the court captioned it. Following this logic, if the Floyd Circuit Court's order was a temporary injunction, then the Commission could have filed for interlocutory relief under CR 65.07.

An appeal from a temporary restraining order is unavailable, as the court has only heard from one side of the case at the time it grants such an order. By its very nature, the order is temporary rather than final and appealable. Even assuming the order the Floyd Circuit Court entered actually was a restraining order, the Commission could have filed a motion to dissolve the restraining order and the Floyd Circuit Court would either have dissolved the order or entered a temporary injunction. At that point, assuming the circuit court had entered a temporary injunction, the Commission could have moved the Court of Appeals for interlocutory relief. This is an appropriate and readily available avenue for the Commission. Our Rules provide this means of resolution, rather than the parties resorting to the extraordinary action of seeking a writ.

Under either of the scenarios outlined above, an adequate remedy by appeal exists. The issuance of a writ is simply inappropriate. Since I would hold the Commission had an adequate remedy by appeal, my analysis would end there—with no need to determine whether the Commission experienced irreparable injury or fit under the "special cases" exception.

11

COUNSEL FOR APPELLANT, APPALACHIAN RACING, LLC, REAL PARTY IN INTEREST:

Jason Michael Nemes
Nemes Law, PLLC

COUNSEL FOR APPELLANT, FLOYD COUNTY, KENTUCKY, REAL PARTY IN INTEREST:

Keith Bartley
Floyd County Attorney


Johnny Ray Harris, Judge, Floyd Circuit Court, Division 1


COUNSEL FOR APPELLEE, COMMONWEALTH OF KENTUCKY, KENTUCKY HORSE RACING COMMISSION:

Barry Lee Dunn
Carmine Gennar Iaccarino
Public Protection Cabinet
Office of Legal Services

John Lawrence Forgy
Susan Bryson Speckert
Kentucky Horse Racing Commission