

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00175-CV

---

JASON CASEY, ON BEHALF OF THE ESTATE OF
JO KAREN GLOVER, DECEASED, APPELLANT

V.

KRYSTEL STEVENS, APPELLEE

---

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 75,000-C, Honorable Ana Estevez, Presiding

---

April 2, 2020

## OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Jason Casey, appellant, filed this interlocutory appeal of the trial court's overruling, by operation of law, his motion to dismiss Krystal Stevens's counterclaims for tortious interference with existing and prospective business relations and injunctive relief. Concluding that the Texas Citizens Participation Act does not apply to the claims asserted by Stevens in her counterclaim, we affirm the ruling of the trial court.

## Factual and Procedural Background

Casey and Stevens are brother and sister, respectively. They, along with another sibling, are beneficiaries in an Edwards Jones investment account established by their mother, Jo Glover. Glover died on September 2, 2018. Before the payable on death benefits could be paid, Casey began contacting Edward Jones seeking to prevent Stevens from receiving any distributions from the account. As a result of these communications, Edward Jones froze the Glover account and notified the parties that no distributions would be made from the account until the pending dispute was resolved.

Casey filed a lawsuit for conversion and money had and received which alleged that Stevens had borrowed funds from the Glover account that remain outstanding and that, if not repaid, should affect the amount of any distribution to Stevens. Casey obtained a temporary restraining order and injunction that prohibited Edward Jones from making any distributions. Stevens answered and filed a counterclaim for tortious interference with contract and prospective business relations. Stevens also sought injunctive relief by her counterclaim. Casey filed a motion to dismiss Stevens's counterclaim pursuant to provisions of the Texas Citizens Participation Act (TCPA). After holding a hearing on Casey's motion, the trial court overruled the motion by operation of law. Casey timely filed the instant interlocutory appeal challenging the trial court's failure to dismiss Stevens's counterclaim.

By his appeal, Casey contends that the trial court erred by failing to grant his motion to dismiss because Stevens's claims are based on, related to, and in response to

Casey's exercise of his rights of free speech and to petition and Stevens failed to produce any evidence to demonstrate the essential elements of her claims.

## The Texas Citizens Participation Act

In reviewing a ruling on a motion to dismiss filed under the TCPA, we must begin by examining the scope of the Act as expressed by its language. The TCPA is popularly known as the Texas Anti-SLAPP statute, which is designed to prevent strategic lawsuits against public participation. *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 571 (Tex. App.—Fort Worth 2019, pet. denied). The stated purpose of the TCPA is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of persons to file meritorious lawsuits for demonstrable injuries. TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West 2015);[1] *see In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding) (TCPA provides a mechanism to summarily dispose of lawsuits designed with the sole purpose of chilling First Amendment rights). To accomplish these purposes, the legislature codified a new set of procedural mechanisms through which a litigant may require, by motion, a threshold testing of claims that are deemed to implicate the expressive interests protected by the statute. *Kawcak*, 582 S.W.3d at 572 (citing *Serafine v. Blunt*, 466 S.W.3d 352, 369 (Tex. App.—Austin 2015, no pet.) (op. on reh'g) (Pemberton, J., concurring)).

---

[1] Further reference to provisions of the Texas Civil Practice and Remedies Code will be by reference to "section __" or "§ __."

This procedural mechanism includes a zig-zagging burden of proof that works as follows:

> Once a motion to dismiss is filed, a burden-shifting mechanism goes into effect. [*In re Lipsky*, 460 S.W.3d at 586-87.] First, a defendant moving for dismissal has the burden to show by a preponderance of the evidence that the plaintiff filed a "legal action" that is "based on, relates to, or is in response to" the defendant's exercise of the right of free speech, the right to petition, or the right of association. [] §§ 27.003(a), 27.005(b) [(West Supp. 2019)]; *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018).
>
> Second, if the defendant satisfies that burden, to avoid dismissal, a plaintiff must establish by clear and specific evidence a prima facie case for each essential element of its claim. [] § 27.005(c). The requirement for "clear and specific evidence" means the plaintiff "must provide enough detail to show the factual basis for its claim." [*In re*] *Lipsky*, 460 S.W.3d at 590-91.
>
> Third, even if the plaintiff establishes a prima facie case, the defendant can still obtain dismissal if he "establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." [] § 27.005(d).[2]

*Kawcak*, 582 S.W.3d at 572 (quoting *Beving v. Beadles*, 563 S.W.3d 399, 404 (Tex. App.—Fort Worth 2018, pet. denied)).

The TCPA also sets deadlines for the filing of the motion to dismiss, the hearing on the motion to dismiss, and the time in which the trial court must rule. §§ 27.003(b), .004 (West 2015), .005(a). The filing of a motion to dismiss suspends discovery unless the trial court orders specific and limited discovery upon the showing of good cause. §§ 27.003(c), .006(b) (West Supp. 2019). In considering a motion to dismiss, the trial

---

[2] Amended by Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 3, 2019 Tex. Gen. Laws 684, 685. This amendment removed the preponderance of the evidence standard and replaced it with language requiring the movant to "establish[] an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." However, the amendment expressly provides that this change in law applies only to a legal action filed on or after the September 1, 2019 effective date of the amendment. *See* Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687. Consequently, further references to section 27.005 will refer to the pre-amended version of the statute.

court considers "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." § 27.006(a).[3]

An accelerated interlocutory appeal is permitted from a trial court order denying a motion to dismiss under the TCPA but not from an order granting the motion to dismiss. *Moricz v. Long*, No. 06-17-00011-CV, 2017 Tex. App. LEXIS 6678, at *8 (Tex. App.— Texarkana July 20, 2017, no pet.) (mem. op.) (citing §§ 27.008(a) (West 2015), and 51.014 (West Supp. 2019)). The trial court shall award the moving party both fees and sanctions "if the court orders dismissal of [the] legal action." § 27.009(a) (West Supp. 2019).

## Standard of Review

We review questions of statutory construction de novo. *Serafine*, 466 S.W.3d at 357 (citing *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011)). We consider de novo the legal question of whether the movant has established by a preponderance of the evidence that the challenged legal action is covered under the TCPA. *Id.* In conducting this review, we review the pleadings and affidavits in the light most favorable to the non-movant, favoring the conclusion that the claims are not predicated on protected expression. *Reed v. Centurion Terminals, LLC*, No. 05-18-01171-CV, 2019 Tex. App.

---

[3] Amended by Act of June 2, 2019, 86th Leg., R.S., ch. 378, §§ 4, 5, 2019 Tex. Gen. Laws 684, 685. This amendment added the requirement that a trial court shall consider evidence the court could consider under Texas Rule of Civil Procedure 166a in addition to pleadings and affidavits. However, the amendment expressly provides that this change in law applies only to a legal action filed on or after the September 1, 2019 effective date of the amendment. *See* Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687. Consequently, further references to section 27.006 will refer to the pre-amended version of the statute.

LEXIS 5631, at *12 (Tex. App.—Dallas July 3, 2019, pet. denied) (mem. op.) (citing *Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd)).

Application of the TCPA to Appellees' Claims

As previously identified, the first step in analyzing a motion to dismiss filed under the TCPA is to determine whether the defendant met its burden to show by a preponderance of the evidence that the plaintiff's legal action is "based on, relates to, or is in response to" the defendant's exercise of the right of free speech, the right to petition, or the right of association. §§ 27.003(a),[4] 27.005(b); *Kawcak*, 582 S.W.3d at 572. In his motion to dismiss, Casey asserted that Stevens's tortious interference claims and request for interlocutory relief are based on, relate to, or are in response to Casey's exercise of his rights of free speech and to petition. As such, we begin our analysis by determining whether Casey met his initial burden to prove such a connection.

We construe the language of the TCPA and review the issue of whether the defendant meets this initial burden de novo. *Kawcak*, 582 S.W.3d at 571; *ExxonMobil Pipeline Co. v. Coleman*, 464 S.W.3d 841, 845 (Tex. App.—Dallas 2015), *rev'd on other grounds*, 512 S.W.3d 895, 901-02 (Tex. 2017) (per curiam). In interpreting a statute, our primary objective is to give effect to the legislature's intent in enacting the statute. *City of Houston v. Bates*, 406 S.W.3d 539, 543 (Tex. 2013). We start by reviewing the text of the statute and presume the legislature intended what it enacted. *In re Elliott*, 504 S.W.3d

---

[4] Amended by Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 2, 2019 Tex. Gen. Laws 684, 685. The amendment, *inter alia*, removed the "relates to" language from the description of legal actions covered by the TCPA. However, the amendment expressly provides that this change in law applies only to a legal action filed on or after the September 1, 2019 effective date of the amendment. *See* Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687. Consequently, further references to section 27.003 will refer to the pre-amended version of the statute.

455, 464 (Tex. App.—Austin 2016, orig. proceeding). The plain meaning of the text is the best indication of the legislature's intent, unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning would lead to absurd results. *Id.* at 463.

Casey's Right of Free Speech

The TCPA defines the "exercise of the right of free speech" as a communication made in connection with a matter of public concern. § 27.001(3); *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018). A communication "includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." § 27.001(1). A communication about a "matter of public concern" relates to health or safety; environmental, economic, or community well-being; the government; a public official or figure; or a good, product, or service in the marketplace. § 27.001(7);[5] *Coleman*, 512 S.W.3d at 899. The TCPA does not require that communications specifically "mention" a matter of public concern or have more than a "tangential relationship" to such a matter. *Coleman*, 512 S.W.3d at 900. The purpose of the Act, as applicable to this analysis, is "to encourage and safeguard the constitutional rights of persons to . . . speak freely . . . to the maximum extent permitted by law." § 27.002.

---

[5] Amended by Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 1, 2019 Tex. Gen. Laws 684, 684-85. The amendment defines a matter of public concern to relate to a "public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity; a matter of political, social, or other interest to the community; or a subject of concern to the public." However, the amendment expressly provides that this change in law applies only to a legal action filed on or after the September 1, 2019 effective date of the amendment. *See* Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687. Consequently, further references to subsection 27.001(7) will refer to the pre-amended version of the statute.

Casey contends that Stevens's claims are based on, relate to, or are in response to Casey's exercise of his right of free speech because Stevens's claims seek to restrict Casey's communications with Edward Jones regarding distributions of the Glover investment account. Casey contends that these communications are a matter of public concern because the Glover investment account is a good, product, or service in the marketplace. We do not agree that Casey's communications here were about or related to a good or service in the marketplace that would make the communications about a matter of public concern.

The TCPA does not protect every conceivable communication. One exception that has been recognized by Texas courts is that private communications made in connection with a private business matter that only address private economic interests are not communications related to a matter of public concern. *Reed*, 2019 Tex. App. LEXIS 5631, at *8-9; *Erdner v. Highland Park Emergency Ctr., LLC*, 580 S.W.3d 269, 276 (Tex. App.—Dallas 2019, pet. filed); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 428 (Tex. App.—Dallas 2019, pet. denied); *Brugger v. Swinford*, No. 14-16-00069-CV, 2016 Tex. App. LEXIS 9155, at *8 (Tex. App.—Houston [14th Dist.] Aug. 23, 2016, no pet.) (mem. op.); *Lahijani v. Melifera Partners, LLC*, No. 01-14-01025-CV, 2015 Tex. App. LEXIS 11290, at *10-12 (Tex. App.—Houston [1st Dist.] Nov. 3, 2015, no pet.) (mem. op.); *I-10 Colony, Inc. v. Chao Kuan Lee*, Nos. 01-14-00465-CV, 01-14-00718-CV, 2015 Tex. App. LEXIS 4136, at *13-14 (Tex. App.—Houston [1st Dist.] Apr. 23, 2015, no pet.) (mem. op.). This Court recently agreed with this approach in the context of a TCPA challenge involving the right of association. *Tex. Custom Wine Works, LLC v. Talcott*, No. 07-19-00186-CV, 2020 Tex. App. LEXIS 1737, at *11 (Tex. App.—Amarillo Feb. 27, 2020, no pet. h.) ("[T]o

trigger the TCPA's protections, [the communication] must involve more than a handful of individuals communicating about a private business deal."). In the present case, Casey's communications that Stevens seeks to restrict are private communications, between he and Edward Jones, about a private business matter, the distribution of Glover's account, that address the private economic interests of Casey and Stevens. Consequently, we conclude that these communications do not relate to a matter of public concern. Essentially, the communications were nothing more than Casey unilaterally notifying Edward Jones of a dispute regarding the distribution of the Glover account.

We believe that the present case is similar to the *Staff Care, Inc.* and *I-10 Colony, Inc.* cases. In *Staff Care, Inc.*, the communications that supported Eskridge's tortious interference claims were about Staff Care's restrictions on employment and did not involve or relate to Staff Care's services in the marketplace, which led the court to conclude that the communications were not made in connection with a matter of public concern. *Staff Care, Inc. v. Eskridge Enters., LLC*, No. 05-18-00732-CV, 2019 Tex. App. LEXIS 3936, at *14 (Tex. App.—Dallas May 15, 2019, no pet.) (mem. op.). In *I-10 Colony, Inc.*, the court concluded that communications made by an attorney were not communications about a matter of public concern because the communications were not about the lawyer's services in the marketplace. *I-10 Colony, Inc.*, 2015 Tex. App. LEXIS 4136, at *13 ("Because the subject of this communication is not I-10's lawyer's services, the communication is not related to a 'service in the marketplace,' and the communication therefore was not one made in connection with a matter of public concern."). In the present case, Casey's communications with Edward Jones were not communications about the goods or services provided by Edward Jones. Rather, they were

9

communications about a private dispute regarding how the funds in the Glover account were to be distributed. As such, we conclude that Casey's communications are not related to a service in the marketplace and, therefore, are not communications made in connection with a matter of public concern. Consequently, we conclude that Casey has failed to meet his burden to show by a preponderance of the evidence that Stevens's counterclaim is "based on, relates to, or is in response to" Casey's exercise of his right of free speech.

Casey cites three cases in support of his position but each of these cases are distinguishable from the present case. In *Adams*, the subject of the communications was the developer's services. *Adams*, 547 S.W.3d at 894-95. Likewise, in *Lippincott*, the communications were about the services of the nurse anesthetist and involved a matter of health and safety. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509-10 (Tex. 2015). In *Coleman*, the communications were about a private business matter but one that was a matter of public concern because it impacted the environment and the public's health and safety. *Coleman*, 512 S.W.3d at 901.

Casey's Right to Petition

Under the TCPA, a defendant exercises his right to petition when he makes, *inter alia*, (1) a communication in or pertaining to a judicial proceeding, (2) a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body, (3) a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body, and (4) any other communication that falls within the protection of

10

the right to petition government under the United States or Texas constitutions. § 27.001(4)(A)(i). As above, a communication "includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." § 27.001(1). We must remain mindful that the purpose of the Act, as applicable to this analysis, is "to encourage and safeguard the constitutional rights of persons to petition . . . and otherwise participate in government to the maximum extent permitted by law." § 27.002.

Casey contends that Stevens's claims are based on, relate to, or are in response to Casey's exercise of his right to petition because the communications which Stevens seeks to restrict, Casey's communications with Edward Jones regarding distribution of the Glover account, relate to the same subject matter as the temporary injunction obtained by Casey in this case. Casey argues that, construing the TCPA liberally, these allegations fall within the scope of the TCPA's protections because they are based on, related to, or in response to a communication by Casey in exercise of his right to petition.

We note that the communications expressly addressed in Stevens's counterclaim were made prior to Casey filing suit. Stevens's claims are based on Casey, with knowledge of Stevens's claim of right to a distribution from the Glover account, willfully and intentionally interfering with Stevens's interest by contacting Edward Jones to prevent it from making any such distributions. Nothing in Stevens's counterclaim references any pending litigation filed by Casey. In reviewing rulings under the TCPA, courts view pleadings and evidence in the light most favorable to the non-movant and are not to draw an inference against the non-movant to conclude that the TCPA applies to the non-movant's claims. *Cook v. Simmons*, No. 05-19-00091-CV, 2019 Tex. App. LEXIS 9833,

11

at *9 (Tex. App.—Dallas Nov. 12, 2019, no pet. h.); *Cheniere Energy v. Lofti*, 449 S.W.3d 210, 214-15 (Tex. App.—Houston [1st Dist.] 2014, no pet.). In fact, Casey indicates in his appellate brief that "Stevens served a counterclaim based on Casey's alleged phone calls and other communications that Stevens alleges Casey and his attorney made to Edward Jones." Based on our review of Stevens's pleading, we conclude that Stevens alleges that Casey tortiously interfered with Stevens's contract and prospective business relations when he contacted Edward Jones and that these allegations are not in any way attempting to restrict Casey's right to seek redress from the courts. Thus, our review will be limited to Stevens's claims relating to Casey's pre-suit communications with Edward Jones.

We believe that pre-suit communications such as those between Casey and Edward Jones are not the types of communications covered by the TCPA's protection of the right to petition. The Dallas Court of Appeals held that a pre-suit demand letter was not a communication in or about a judicial proceeding. *Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724, 729 (Tex. App.—Dallas 2016, pet. denied). The court explained that the ordinary meaning of "judicial proceeding" is an actual, pending proceeding and the TCPA's use of the phrase "pertaining to" does not expand the ordinary meaning of "judicial proceeding" to include anticipated or potential future proceedings. *Id.* at 728-29. This approach was followed by the Fourteenth Court of Appeals when it determined that pre-suit communications between a client and its lawyers were not communications in or about a judicial proceeding because no judicial proceeding had been initiated at the time of the communications. *QTAT BPO Sols., Inc. v. Lee & Murphy*

*Law Firm, G.P.*, 524 S.W.3d 770, 777-78 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

Casey relies on *Serafine*, 466 S.W.3d 352, to support his claim that Stevens's claims impacted his right to petition. The court in *Serafine* found that the appellee's counterclaim for tortious interference was "in part based on, related to, or in response to [appellant's] filing of the suit . . ." and, as such, found that counterclaim to be based on appellant's exercise of his right to petition. *Id*. at 360. However, the court in *Serafine* distinguished between tortious interference claims that were expressly related to a pending lawsuit and those that were based on communications occurring before suit was filed. *Id*. Those claims that were based on appellant's filing of the suit were determined to have been based on appellant's exercise of the right to petition and were, therefore, covered by the TCPA. *Id*. However, as to those claims that were based on communications made prior to the filing of the suit, the court concluded that appellant did not meet his burden to show that these counterclaims were subject to the TCPA. *Id*.

Casey contends that evidence was submitted to the trial court that indicated that Casey continued to communicate with Edward Jones after he filed suit. However, these communications are not addressed by Stevens's counterclaim. Simply because evidence establishes that Casey continued to communicate with Edward Jones does not establish that Stevens's counterclaim was related to these communications, especially when these communications are not addressed in Stevens's pleading. Likewise, that Stevens sought injunctive relief on the same basis utilized by Casey does not mean that Stevens's counterclaims are based on Casey's filing of suit or obtaining injunctive relief. Rather, it

simply indicates that she feels entitled to injunctive relief for the same reasons that the trial court granted Casey a temporary injunction.

Because Stevens's claims are limited to Casey's pre-suit communications with Edward Jones, we conclude that these communications were not made in or pertaining to a judicial proceeding and, therefore, Casey has failed to establish that these claims are subject to the TCPA.

Stevens's Claims for Injunctive Relief

Casey did not specifically address Stevens's claims for injunctive relief in his initial brief.  After this omission was identified by Stevens in her response, Casey included the following as his entire argument concerning this point in his reply brief:

> Stevens filed her claim for injunctive relief because Casey had obtained the same relief against her, and according to her used "exactly the same basis." For the reasons discussed above [addressing Stevens's tortious interference claims], his acts were protected under the TCPA. The injunctive relief and related communications clearly form the basis of Stevens'[s] counterclaim for injunctive relief and Stevens'[s] assertions otherwise are nonsense.

Thus, Casey asserts the same arguments addressed above to attempt to establish that the TCPA applies to Stevens's request for injunctive relief.  As such, we have already rejected Casey's arguments and concluded that the trial court did not err in denying Casey's motion to dismiss.

Conclusion

Concluding that Casey failed to meet his burden to establish by a preponderance of the evidence that the TCPA applies to Stevens's counterclaims, we overrule Casey's sole issue and affirm the trial court's denial of Casey's motion to dismiss.


                                        Judy C. Parker
                                          Justice