# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: MARCH 24, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0385-MR

BELL HELICOPTER TEXTRON, INC.                         APPELLANT

|  |  |
|---|---|
| V. | ON APPEAL FROM COURT OF APPEALS<br>NO. 2021-CA-0339<br>CLAY CIRCUIT COURT NO. 14-CI-00013 |

HONORABLE OSCAR GAYLE HOUSE                    APPELLEE
JUDGE, CLAY CIRCUIT COURT

AND

EMILEE DOBBS, INDIVIDUALLY, AND AS
ADMINISTRATRIX OF THE ESTATE OF HERMAN
LEE DOBBS, JR; HAYDEN DOBBS, BY HIS
MOTHER AND NEXT FRIEND, EMILEE DOBBS;
WALKER DOBBS, BY HIS MOTHER AND NEXT
FRIEND, EMILEE DOBBS; STACEY COLE,
CO-ADMINISTRATOR OF THE ESTATE OF
EDDY SIZEMORE; JUSTIN SIZEMORE,
CO-ADMINISTRATOR OF THE ESTATE OF
EDDY SIZEMORE; AND TYSON JONES, BY
HIS MOTHER AND NEXT FRIEND,
BRITTANY PARTIN                      REAL PARTIES IN INTEREST

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Bell Helicopter Textron, Inc. appeals from the Court of Appeals' denial of

its Petition for a writ of mandamus precluding Judge Oscar Gayle House from

enforcing his order with respect to retrial of a tort liability case following

reversal from the Court of Appeals. After a careful review of the record and the arguments of the parties, we affirm the Court of Appeals.

## I. Facts and Procedural Background.

The underlying case arose from a tragic helicopter accident in Clay County in June 2013. Bell manufactured the helicopter involved in the accident. The Real Parties in Interest collectively filed three lawsuits against Bell seeking damages for personal injury, wrongful death, and loss of consortium arising from the deaths of the helicopter's occupants.

The consolidated cases were tried before Clay Circuit Court in 2017. The jury awarded damages of over $21 million, collectively, and the trial court entered a judgment accordingly. On Bell's appeal, the Court of Appeals reversed the judgment based on errors regarding certain evidentiary issues and declined to address the issues as to sufficiency of evidence regarding manufacturing defect and excessiveness of the damage awards. *Bell Helicopter Textron, Inc. v. Dobbs*, No. 2018-CA-0049-MR, 2019 WL 248691 (Ky. App. June 14, 2019), *discretionary rev. denied*, No. 2019-SC-0387-D, No. 2019-SC-0388-D (Ky. Dec. 13, 2019).

Following remand, the trial court scheduled a new trial for August 2022. In response to several motions from the Real Parties in Interest, the trial court entered an Order providing: 1) discovery would remain closed; 2) the case would be retried on liability only; and 3) in the event the jury once again found against Bell, the damages award from the first trial would be reinstated, with interest accruing from the date of the original, albeit reversed, judgment,

2

October 2, 2017. The trial court denied Bell's motion to reconsider these rulings and, additionally, denied its request to reopen discovery to name an additional expert witness who was neither identified nor testified at the first trial.

Following the trial court's orders, Bell filed an original action, pursuant to CR[1] 76.36, requesting the Court of Appeals issue a writ of mandamus compelling the trial court to hold a new trial on damages, if necessary; to limit the interest on any potential second judgment to the date of the second judgment; and to allow it to supplement its trial and expert witness disclosures so that it might present different or additional witnesses and testimony in the second trial. The Court of Appeals denied the Petition and this appeal follows.

## II. Writ Standard.

As stated in *Appalachian Racing, LLC v. Commonwealth*, 504 S.W.3d 1, 3 (Ky. 2016), "[w]e employ a three-part analysis in reviewing the appeal of a writ action." First, we examine the Court of Appeals' factual findings for clear error. *Id.* Second, we review all legal conclusions under the de novo standard. *Id.* And, third, since the ultimate "decision whether . . . to issue a writ of prohibition is a question of judicial discretion[, our] review of a court's decision to issue a writ is conducted under the abuse-of-discretion standard." *Id.* In other words, "we will not reverse the lower court's ruling absent a finding that the determination was 'arbitrary, unreasonable, unfair, or unsupported by

---

[1] Kentucky Rules of Civil Procedure.

3

sound legal principles.'" *Id.; see also Allstate Prop. & Cas. Ins. Co. v. Kleinfeld*, 568 S.W.3d 327, 331 (Ky. 2019).

Our standard for the issuance of writs, whether of prohibition or of mandamus, is oft stated:

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004). Within the second class of writs, we have recognized a subcategory in certain special cases:

> [I]n certain special cases this Court will entertain a petition for prohibition in the absence of a showing of specific great and irreparable injury to the petitioner, provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, and correction of the error is necessary and appropriate in the interest of orderly judicial administration. It may be observed that in such a situation the court is recognizing that if it fails to act the administration of justice generally will suffer the great and irreparable injury.

*Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky. 1961). In *Grange Mutual Insurance Co. v. Trude*, we expounded on this latter subcategory, stating "these 'certain special . . . cases' are exactly that— they are rare exceptions and tend to be limited to situations where the action for which the writ is sought would violate the law, e.g., by breaching a tightly guarded privilege or by contradicting the requirements of a civil rule." 151 S.W.3d 803, 808 (Ky. 2004) (footnotes omitted).

4

In all cases, the issuance of a writ depends on the absence of an adequate remedy by appeal or otherwise. *Bender*, 343 S.W.2d at 801; *see also Henderson Cnty. Health Care Corp. v. Wilson*, 612 S.W.3d 811, 816 (Ky. 2020) (holding that "[e]ven in these special [second class writ] cases, the party seeking a writ must show that there is no adequate remedy by appeal[]"); *Indep. Ord. of Foresters v. Chauvin*, 175 S.W.3d 610, 617 (Ky. 2005) ("[w]e have tended to apply this exception only in those limited situations where the action for which the writ is sought would blatantly violate the law[]"). Furthermore, a writ is an extraordinary and disfavored remedy. *Kleinfeld*, 568 S.W.3d at 331; *Buckley v. Wilson*, 177 S.W.3d 778, 780 (Ky. 2005). Writs are reserved for situations wherein litigants will be subjected to substantial injustice if required to proceed. *Kleinfeld* at 331. Additionally, this remedy is disfavored since it may have a tendency to interfere significantly with the proper and efficient operation of the circuit and other courts, to short-circuit normal appeal procedure, possibly on an abbreviated record, *Bender*, 343 S.W.2d at 800, and to "magnif[y] the chance of incorrect rulings that would prematurely and improperly cut off the rights of litigants[.]" *Cox v. Braden*, 266 S.W.3d 792, 795 (Ky. 2008).

### III.    Analysis.

Bell's argument that the Court of Appeals erred in failing to grant the writ essentially boils down to its claim that the trial court failed to adhere to the Court of Appeals' mandate reversing the original 2017 judgment. Additionally, Bell argues that a writ was proper to permit it to reopen discovery

5

for its additional expert. While Bell cites cases from the federal and other state courts arguing as to the trial court's lack of jurisdiction and its, Bell's, lack of a remedy, our ample case law addressing writs discloses that its arguments are without merit.

Under the first category of writs, "jurisdiction" refers to "subject matter jurisdiction. *Appalachian Racing*, 504 S.W.3d at 4; *Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014); *Goldstein v. Feeley*, 299 S.W.3d 549, 552 (Ky. 2009); *see also Lee v. George*, 369 S.W.3d 29, 33 (Ky. 2012) (stating that "[i]n the context of the extraordinary writs, 'jurisdiction' refers not to mere legal errors but to subject matter jurisdiction[]"). No question exists that the Clay Circuit Court has subject matter jurisdiction over this case. As to Bell's argument that the trial court has erroneously interpreted the Court of Appeals' opinion in reversing the original 2017 judgment, *Buckley* is directly on point: "[a] trial court, in interpreting an appellate court's decision, is not acting outside its jurisdiction even if its interpretation is erroneous." 177 S.W.3d at 781.

As to both categories of writs, Bell argues that it has no adequate remedy by appeal. Again, *Buckley* is instructive. We paraphrase, that if the trial court incorrectly interpreted the Court of Appeals' opinion, its order limiting the second trial to liability issues will be subject to appellate correction. *See* 177 S.W.3d at 781. Similarly, the failure of the trial court to open discovery or permit additional witnesses, if error, is correctible by appellate process. Like the plaintiff in *Buckley*, Bell's inadequacy arguments center on delay and the

6

practical difficulties of fading memories and witness unavailability. *Id.*; *see also Inverultra, S.A. v. Wilson*, 449 S.W.3d 339, 347 (Ky. 2014) (stating that "general risk of conceivable information loss, like 'inconvenience, expense, annoyance and other undesirable aspects of litigation,' is simply one of the ordinary costs of litigation, and we have held time and time again that such costs do not make an appeal an inadequate remedy[.]") (internal citation omitted).

## IV. Conclusion.

The Court of Appeals' Order denying Bell Helicopter Textron, Inc.'s Petition for Relief in the Nature of a Writ of Mandamus is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Casey Wood Hensley
Jason Patrick Renzelmann
Griffin Terry Sumner
Frost Brown Todd, LLC.

Honorable Oscar Gayle House

COUNSEL FOR REAL PARTIES IN
INTEREST:

Kevin Crosby Burke
Burke & Neal PLLC

Robert S. Madden
Madden Sergent PLLC

Gary Robb
Law Firm of Robb & Robb

Virginia Hamilton Snell
Wyatt, Tarrant & Combs, LLP

7