# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS
OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR
CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN
UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A
COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG
WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO
THE ACTION.

RENDERED: DECEMBER 18, 2025
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0246-MR

KENTUCKY BOARD OF MEDICAL          APPELLANTS
LICENSURE; DALE E. TONEY, M.D.,
IN HIS OFFICIAL CAPACITY AS CHAIR
OF INQUIRY PANEL B. AND MEMBER
OF THE KENTUCKY BOARD OF
MEDICAL LICENSURE; MICHAEL S.
RODMAN, IN HIS OFFICIAL CAPACITY
AS EXECUTIVE DIRECTOR OF THE
KENTUCKY BOARD OF MEDICAL
LICENSURE; AND WILLIAM C.
THORNBERRY, M.D., IN HIS OFFICIAL
CAPACITY AS PRESIDENT AND
MEMBER OF THE KENTUCKY BOARD
OF MEDICAL LICENSURE

V.         ON APPEAL FROM COURT OF APPEALS
NO. 2025-CA-0277
FRANKLIN CIRCUIT COURT NO. 24-CI-01033

HONORABLE THOMAS D. WINGATE,         APPELLEE
JUDGE, FRANKLIN CIRCUIT COURT

AND

PRAGYA B. GUPTA, M.D.         REAL PARTY IN INTEREST/
APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Kentucky Board of Medical Licensure; Dale E. Toney, M.D., in his official

capacity as chair of Inquiry Panel B. and member of the Kentucky Board of

Medical Licensure; Michael S. Rodman, in his official capacity as executive director of the Kentucky Board of Medical Licensure; and William C. Thornberry, M.D., in his official capacity as president and member of the Kentucky Board of Medical Licensure (collectively "the Board") petitioned the Court of Appeals for a writ of prohibition against the Franklin Circuit Court for denying its motion to dismiss Pragya B. Gupta, M.D.'s ("Dr. Gupta") petition for declaration of rights. The Court of Appeals denied the petition, and the Board appeals from that denial. After review, we affirm.

## BACKGROUND

The events underlying the Board's appeal of the Court of Appeals' denial of its petition for a writ of prohibition arose from a grievance filed by a patient against Dr. Gupta in January 2023. On April 11, 2023, the same patient filed a medical malpractice action in the Kenton Circuit Court and was represented by Kristin Turner ("Turner"), who served as a member of the Board at the time. The grievance alleged that Dr. Gupta allowed his medical assistant to insert an intravenous line and administer anesthesia. The Board's expert review concluded that Dr. Gupta allowed his staff to practice medicine without a license.

The Board's Inquiry Panel B. reviewed the investigatory materials and held a hearing. At the hearing, Dr. Gupta informed the panel that he effectively closed his solo practice, transferred his patients, and stopped performing procedures in Kentucky in anticipation of moving to California. Though Dr. Gupta wished to maintain his license in Kentucky, the panel found the issues

2

raised in the investigation could not be corrected by remedial education and monitoring, and Dr. Gupta should not practice in an independent setting in Kentucky.

Subsequently, Dr. Gupta entered an agreed order with the Board in June 2023 and an amended agreed order in August 2023 to settle the matter. In the agreed order, Dr. Gupta stipulated that his medical assistant started at least one of the grievant's IV lines, his diagnosis and treatment fell below the minimum standards of care, and his uncertified medical assistant practiced medicine without a license.

In May 2024, the grievant sat for a deposition in her malpractice suit against Dr. Gupta. Contrary to the statements in her grievance, Dr. Gupta alleges the patient testified in her deposition that the medical assistant never placed her IV. Dr. Gupta also discovered that Turner assisted the patient in filing her grievance and is the patient's niece by marriage. Because the patient's sworn testimony contradicted her grievance, Dr. Gupta filed a motion to vacate or amend the amended agreed order on August 15, 2024. On August 20, 2024, the Board's director sent Dr. Gupta a letter rejecting his request and refusing to examine the new evidence or to submit it to the Board. The Board disputes Dr. Gupta's characterization of the deposition testimony.

Based on the director's denial of his request to review the newly discovered evidence in the patient's deposition testimony and Turner's alleged conflict of interest, Dr. Gupta filed a petition in the Franklin Circuit Court for a declaratory judgment and permanent injunction against the Board. Dr. Gupta

3

sought: (1) entry of an order declaring the acts of the Board to be unconstitutional and in violation of both his state and federal constitutional rights; (2) entry of an order declaring 201 KAR[1] 9:082 to be an unconstitutional delegation of power to discipline physicians to the general counsel through informal proceedings; (3) entry of an order declaring the actions of the Board's executive director's failure to present a motion to amend or vacate the amended agreed order an unconstitutional usurpation of the statutory authority of the Board and a violation of Dr. Gupta's rights; (4) entry of an order declaring the entire proceedings against Dr. Gupta to be in violation of the right to fundamentally fair proceedings due to bias, conflict of interest, inter alia; (5) entry of an order that the agreed order and amended agreed order are substantively unconscionable and unfair and therefore null and void as against public policy; (6) judgment in Dr. Gupta's favor as a result of the violation of his constitutional rights under state and federal law; and (7) permanent injunctive relief preventing the enforcement of the unconstitutional amended agreed order.

The Board filed an answer and motion to dismiss the petition in which the Board argued Dr. Gupta lacked standing and failed to state a claim upon which relief could be granted because: (1) the petition was filed after the statute of limitations expired; (2) the Board acted at all times within its statutory authority; (3) the constitutionality of 201 KAR 9:082 is moot as that regulation

---

[1] Kentucky Administrative Regulations.

4

was not applied to him; (4) the Board Respondents are immune from the claims; and (5) Dr. Gupta failed to demonstrate a valid conflict of interest. Dr. Gupta opposed the motion.

The circuit court heard argument on the motion to dismiss and took the matter under advisement. The court entered an order denying the motion, finding that the pleadings raised an apparent factual dispute that required discovery. Given the factual issues, the circuit court found it could not rule on the Board's statute-of-limitations defense. Finally, the court found Dr. Gupta had standing to bring the action.

The Board then filed a motion to reconsider arguing the expiration of the statute of limitations is a jurisdictional issue confined solely to the sufficiency of the pleadings. The circuit court heard argument on the motion and entered a written order denying the motion. Taking all factual allegations as true, the court found Dr. Gupta's allegation that the Board engaged in a continuous course of conduct created an issue of fact concerning the Board's statute of limitations defense.

Subsequently, the Board filed a petition for writ of prohibition in the Court of Appeals. The Board argued the circuit court lacked jurisdiction because Dr. Gupta failed to file his petition within the thirty-day statute of limitations under KRS[2] 13.B.140 or the one-year statute of limitations under 41 U.S.C.[3] § 1983. Additionally, the Board argued it lacked an adequate

---

[2] Kentucky Revised Statutes.
[3] United States Code.

remedy through appeal because it would have to bear the costs and burdens of defending the action until the court entered a final, appealable judgment even though the action is barred by the statute of limitations.

The Court of Appeals entered an order denying the Board's petition for a writ. The court determined the Board was not entitled to a writ of the first class because the circuit court has subject matter jurisdiction over declaration of rights actions under KRS 418.040. Conversely, an action brought after the expiration of the statute of limitations implicates subject matter jurisdiction, which is determined based on statutory compliance and jurisdictional facts. The Court of Appeals also determined the Board was not entitled to a writ of the second class because it had an adequate remedy on appeal. Being forced to litigate a claim does not render standard appellate remedies inadequate.

This appeal followed. On appeal, the Board argues: (1) the circuit court erroneously assumed jurisdiction though the statute of limitations expired; (2) the circuit court lacked subject matter jurisdiction over the action under KRS 452.005; (3) it lacks adequate remedy on appeal; (4) the agreed orders constitute fully enforceable settlements, which constituted a final agency action; (5) KRS 452.005, a venue statute, does not allow a new cause of action to be filed; and (6) res judicata applies.

## STANDARD OF REVIEW

We apply a three-part standard in reviewing an appeal of a denial of a petition for writ of prohibition. *Appalachian Racing, LLC. v. Commonwealth*, 504 S.W.3d 1, 3 (Ky. 2016). First, "[w]e review the Court of Appeals' factual

6

findings for clear error." *Id.* Second, we review legal conclusions de novo. *Id.*

"But ultimately, the decision whether or not to issue a writ of prohibition is a

question of judicial discretion[,]" so the third part of the review is for an abuse

of discretion. *Id.* "That is, we will not reverse the lower court's ruling absent a

finding that the determination was arbitrary, unreasonable, unfair, or

unsupported by sound legal principles." *Id.* (internal quotation marks omitted).

## **ANALYSIS**

We have long held that a "writ of prohibition is an extraordinary remedy

and is one that is issued with caution." *Id.* at 4. A writ can only provide relief in

two scenarios:

> [U]pon a showing that (1) the lower court is proceeding
> or is about to proceed outside of its jurisdiction and
> there is no remedy through an application to an
> intermediate court; or (2) that the lower court is acting
> or is about to act erroneously, although within its
> jurisdiction, and there exists no adequate remedy by
> appeal or otherwise and great injustice and irreparable
> injury will result if the petition is not granted.

*Id.*

A writ of the first class is only available when the lower court lacks

"subject-matter jurisdiction; that is, the lower court's core authority to hear the

case at all." *Id.* A writ of the second class is only available when the petitioner

can show "that (1) it had no adequate remedy by appeal or otherwise and (2) it

would suffer great and irreparable injury if denied relief." *Id.*

7

**I.** **The Court of Appeals did not abuse its discretion in denying a writ of the first class because the circuit court had subject-matter jurisdiction.**

First, the Board asserts the Court of Appeals abused its discretion in denying a writ of the first class. The Board argues that the circuit court lacked subject-matter jurisdiction because Dr. Gupta's petition was filed outside the one-year statute of limitations for judicial review of the amended agreed order and the thirty-day statute of limitations for judicial review of a final order.

"Subject-matter jurisdiction must be determined without resort to particular-case factual inquiries." *S.I.A. Ltd, Inc. v. Wingate,* 677 S.W.3d 487, 496 (Ky. 2023) (quoting *Basin Energy Co. v. Howard,* 447 S.W.3d 179, 184 (Ky. App. 2014)). Subject matter jurisdiction "either exists or it does not," *id.,* and it cannot be waived. "KRS 418.040 allows a claim for a declaration of rights to be brought in any court of record in the Commonwealth." *Davis v. Wingate,* 437 S.W.3d 720, 725 (Ky. 2014). Thus, the circuit court had subject matter jurisdiction over this type of case.

Conversely, whether a petition filed after the expiration of the statute of limitations is a matter of particular case jurisdiction because it "'turns solely on proof of certain compliance with statutory requirements and so-called jurisdictional facts[.]'" *Louisville Historical League, Inc. v. Louisville/Jefferson Cty. Metro Gov't,* 709 S.W.3d 213, 222 (Ky. 2025) (quoting *Nordike v. Nordike,* 231 S.W.3d 733, 738 (Ky. 2007)). Because the circuit court has subject-matter jurisdiction over declaratory actions, it is within the circuit court's province to determine whether it has jurisdiction over this case based on whether Dr.

8

Gupta suffered a continuous injury and timely filed his petition. Thus, the Court of Appeals did not abuse its discretion in denying a writ of the first class.

**II.     The Court of Appeals did not abuse its discretion in denying a writ of the second class because the Board has an adequate remedy by appeal.**

Second, the Board asserts the Court of Appeals abused its discretion in denying a writ of the second class. The Board argues it lacks an adequate remedy on appeal and will suffer a great and irreparable injury because it will be required to bear the burden of defending the action if it must wait to appeal from a final judgment. "No adequate remedy by appeal or otherwise means that the injury to be suffered by the petitioner could not therefore be rectified in subsequent proceedings in the case." *S.I.A. Ltd., Inc.*, 677 S.W.3d at 500. (cleaned up) (quoting *Ridgeway Nursing & Rehab. Facility, LLC v. Lane*, 415 S.W.3d 635, 640 (Ky. 2013)). "A great and irreparable injury under our caselaw is not merely the high costs in time and money attendant to the litigation, but, instead, is 'something of a ruinous nature[,]' . . . even 'incalculable damage to the [petitioner] . . . or other far-reaching and conjectural consequences[.]'" *Id.* at 501.

Denial of a motion to dismiss for further discovery to determine whether Dr. Gupta's petition was timely filed is an issue that can be remedied by subsequent proceedings in the case and, if necessary, on appeal. The burden of continuing to litigate the case "will not cause a severe injury to" the Board. *Id.*

"What [the Board] is really attempting is not a writ petition, but an interlocutory appeal from a denial of a motion to dismiss which would be

9

appropriate in only the most 'rare cases[,]' . . . where we would consider application of the collateral order doctrine." *Romines v. Coleman*, 671 S.W.3d 269, 276 (Ky. 2023). To satisfy the collateral order doctrine, the order must "(1) conclusively decide[] an important issue separate from the merits of the case; (2) [be] effectively unreviewable following final judgment; and (3) involve[] a substantial public interest that would be imperiled absent an immediate appeal." *Id.*

This case fails to meet any of these stringent criteria. First, the factual issues regarding the statute of limitations addressed in the circuit court's order are central to the merits of the case. Second, the issue is reviewable in a final judgment. Third, though the Board raises a public interest argument, the public interest asserted is neither substantial nor imperiled. The Board argues that the General Assembly created the Board and gave it the statutory authority to regulate the practice of medicine and osteopathy, so the amended agreed order in this case is akin to a settlement agreement in a civil action. It further argues the circuit court's order sets a dangerous precedent in requiring agencies to go beyond the strict timelines provided by KRS Chapter 13B and obliterates its ability to informally resolve cases.

Simply requiring the Board to further litigate this matter has no bearing on its ability to continue to formally resolve cases. Though the Board feels it should not have to litigate Dr. Gupta's dispute, further litigation does not amount to imperilment of a substantial public interest. The circuit court's order denying the Board's motion to dismiss does not satisfy the collateral

10

order doctrine, and the circuit court is "readily equipped" to resolve this case. Should the case be resolved in Dr. Gupta's favor, the Board can raise its statute of limitations argument and any others on appeal. Thus, the Court of Appeals did not abuse its discretion in denying a writ of the second class.

Finally, we decline to address the Board's remaining arguments as they are not appropriately raised in an appeal of the denial of a writ. Should these arguments remain relevant when the circuit court renders a final judgment, they may be appropriately raised on direct appeal.

## **CONCLUSION**

For the foregoing reasons, we affirm the Court of Appeals' denial of the Board's petition for writ of prohibition.

All sitting. All concur.

COUNSEL FOR APPELLANTS:

Nicole A. King
Assistant General Counsel
Kentucky Board of Medical Licensure

COUNSEL FOR APPELLEE, PRAGYA B. GUPTA, M.D.

Lisa English Hinkle
Ed Monarch
Valerie Michael
Katy Harvey
McBrayer PLLC

COUNSEL FOR APPELLEE:

Hon. Thomas D. Wingate
Pro se

11