RENDERED: DECEMBER 16, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0151-MR

JOHN GOBLE                                                                APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                          NO. 2020-CA-1455
SCOTT CIRCUIT COURT NO. 19-CR-00146

HONORABLE JEREMY MICHAEL                                   APPELLEE
MATTOX, JUDGE, SCOTT CIRCUIT
COURT

AND

COMMONWEALTH OF KENTUCKY                    REAL PARTY IN INTEREST

AND

2021-SC-0162-MR

AMOS BURDETTE                                                           APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                          NO. 2020-CA-0103
SCOTT CIRCUIT COURT NO. 18-CR-00253

HONORABLE JEREMY MICHAEL                                   APPELLEE
MATTOX, JUDGE, SCOTT CIRCUIT
COURT

AND

COMMONWEALTH OF KENTUCKY                    REAL PARTY IN INTEREST

**OPINION OF THE COURT BY JUSTICE HUGHES**

**<u>AFFIRMING</u>**

John Goble and Amos Burdette filed petitions for writs of mandamus seeking dismissal of their respective criminal indictments for various felony and misdemeanor offenses. The primary basis for each petition is a challenge to the ability of a county attorney to perform prosecutorial duties outside of his or her judicial circuit. After careful review, we conclude that Goble and Burdette are not entitled to a writ.

**FACTS AND PROCEDURAL HISTORY**

John Goble and Amos Burdette were separately indicted by a Scott County Grand Jury on a series of misdemeanor and felony charges stemming from unrelated criminal conduct. Because Goble and Burdette advance the same legal challenge in their writ appeals to this Court, their cases were consolidated by this Court on October 8, 2021. The facts of each case are discussed in turn.

John Goble was the Scott County coroner when complaints were made against him regarding narcotics, firearms, and the misuse of county property. The Scott County Commonwealth's Attorney recused from the case and requested the appointment of the Office of the Fayette County Attorney as special prosecutor. The Attorney General appointed the Fayette County Attorney, who then presented the case to the grand jury. Goble was indicted by the Scott County Grand Jury on charges of receiving stolen property, $10,000 or more, a Class D felony; receiving stolen property (a firearm), a Class D felony; abuse of the public trust, less than $10,000, a Class D felony; first-degree perjury, a Class D felony; first-degree possession of a controlled

2

substance, a Class D felony; and two counts of first-degree official misconduct, a Class A misdemeanor.[1]

Goble filed a petition for a writ of mandamus with the Court of Appeals on September 16, 2019 seeking to dismiss the indictment, arguing both that the circuit court acted outside of its jurisdiction and that it acted erroneously in denying his motion to dismiss the indictment on the grounds that the appointment of the Fayette County Attorney as special prosecutor was invalid. The Court of Appeals denied the petition, concluding that "[a]lthough the other statutes may fail to specifically state that a county attorney can be appointed as a special prosecutor outside of his judicial circuit to handle felony cases, there is nothing in the statutes that prohibit[s] such and [Kentucky Revised Statute] KRS 15.730 reveals the intent of the General Assembly." The appellate court held that the trial court did not err in concluding that the appointment of the Fayette County Attorney as special prosecutor was proper.

Goble appealed to this Court and at the time of that appeal the original indictment had been superseded. *Goble v. Mattox,* 2020-SC-000078-MR, 2020 WL 4047465, at *1 (Ky. July 9, 2020). Consequently, this Court determined that the case was moot. *Id.* at *2. Goble then began his case again by filing a motion to dismiss the superseding indictment in Scott Circuit Court.

---

[1] Three indictments have issued in Goble's case: Scott County case numbers 18-CR-00185, 19-CR-00129 and the current indictment, 19-CR-00146. According to the Commonwealth, superseding indictments were required due to Goble's perjurious statements before the first grand jury on May 18, 2018 and to correct technical issues in the first superseding indictment in 19-CR-00129. At this time, all prior indictments have been properly dismissed and the only case which is not moot is this case, 19-CR-00146.

The trial court denied the motion, noting that dismissal of an indictment over the Commonwealth's objection was only allowed in extraordinary circumstances. The trial court concluded that Goble "failed to show by statute, or otherwise, that county attorneys must only assist within their judicial circuit. Therefore, based on this argument, there are no extraordinary circumstances that would require the Court to dismiss an indictment without the Commonwealth's consent." The trial court held that "[t]here is no indication that the statutes expressly limit the agreement to prosecutors in the same judicial circuit."

Once again, Goble petitioned the Court of Appeals for a writ of mandamus. The Court of Appeals denied the petition, citing the same reasoning it relied upon in denying Goble's first writ petition.

In September 2018, the Scott County Grand Jury indicted Amos Burdette on a series of misdemeanor and felony charges. The previous Commonwealth's Attorney for the 14th Judicial Circuit, Gordie Shaw, presented the case to the Scott County Grand Jury. Shaw did not seek reelection and Sharon Muse was elected as the Commonwealth's Attorney for the 14th Judicial Circuit. Muse hired Brooks Frye as an Assistant Commonwealth's Attorney and assigned him to the Burdette case. At the beginning of 2020, Frye notified Muse of his intention to accept employment with the Fayette County Attorney's Office effective January 15, 2020. Burdette's case was set for trial beginning on January 27, 2020. Muse

4

requested that Frye continue to handle the case given that the trial was scheduled within two weeks of his transfer and he had fully prepared for trial.

As a result, and at the Scott County Commonwealth Attorney's request, the Attorney General appointed the Office of the Fayette County Attorney as special prosecutor. On January 21, 2020 Burdette filed a petition for a writ of mandamus with the Court of Appeals seeking to dismiss the indictment, arguing both that the circuit court acted outside of its jurisdiction and that it acted erroneously within its jurisdiction by denying his motion to dismiss the indictment. His petition was premised on the grounds that the appointment of the Fayette County Attorney as special prosecutor was invalid. The Court of Appeals determined that Burdette is not entitled to relief by a first-class writ because he failed to prove that the trial court acted outside its jurisdiction nor was a second-class writ appropriate because the trial court did not act erroneously in denying the motion to dismiss the indictment. Turning to KRS 15.730, the Court of Appeals held that "[a]lthough the other statutes may fail to specifically state that a county attorney can be appointed as a special prosecutor outside of his judicial circuit to handle felony cases, there is nothing in the statutes that prohibits such and KRS 15.730 reveals the intent of the General Assembly."

In their appeals to this Court, Goble and Burdette make similar arguments regarding the distribution of prosecutorial duties and the ability of a county attorney to prosecute cases outside of their judicial district or circuit. We address their arguments together.

5

## ANALYSIS

As often noted, "courts of this Commonwealth are—and should be—loath to grant the extraordinary writs unless absolutely necessary." *Cox v. Braden*, 266 S.W.3d 792, 795 (Ky. 2008). This Court has held that:

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004).

Typically, we review the decision of the Court of Appeals to deny a writ under an abuse of discretion standard. *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004). "But when the issue presented involves a question of law, we review the question of law *de novo*." *Commonwealth Fin. & Admin. Cabinet v. Wingate*, 460 S.W.3d 843, 847 (Ky. 2015). Because Goble's and Burdette's claims on appeal involve statutory interpretation our standard of review in this matter is de novo. Goble and Burdette argue that they are entitled to writs either of the first-class or second-class or based on the special cases exception outlined in *Marcum v. Scorsone,* 457 S.W.3d 710 (Ky. 2015).

## I.    Goble and Burdette Are Not Entitled to First-Class Writs.

"The first class of writs refers to subject-matter jurisdiction; that is, the lower court's core authority to hear the case at all." *Appalachian Racing, LLC v. Commonwealth*, 504 S.W.3d 1, 4 (Ky. 2016). Goble and Burdette are not

6

entitled to first-class writs because they have failed to show that the trial court proceeded outside of its jurisdiction. "Whether a court has subject-matter jurisdiction is determined at the beginning of a case, based on the type of case presented." *Kelly v. Commonwealth,* 554 S.W.3d 854, 860 (Ky. 2018) (citing *Commonwealth v. Steadman,* 411 S.W.3d 717, 722 (Ky. 2013)). The *Kelly* Court further explained:

> Once filed, a court has subject matter jurisdiction of the case so long as the pleadings reveal that it is the kind of case assigned to that court by a statute or constitutional provision. A court, once vested with subject matter jurisdiction over a case, does not suddenly lose subject matter jurisdiction by misconstruing or erroneously overlooking a statute or rule governing the litigation.

554 S.W.3d at 860 (internal quotations and citations omitted). A review of relevant statutes establishes that the Scott Circuit Court has jurisdiction over both cases before us, each of which arose in Scott County.

Pursuant to KRS 23A.010(1), "[t]he Circuit Court is a court of general jurisdiction; it has original jurisdiction of all justiciable causes not exclusively vested in some other court." "When the legislature does not specifically assign jurisdiction of a particular matter to the district court, jurisdiction rests in the circuit court." *Hyatt v. Commonwealth,* 72 S.W.3d 566, 577 (Ky. 2002). District Courts maintain jurisdiction to make final disposition of all criminal matters, except felonies. KRS 24A.110(1)(a). KRS 24A.110(2) states that "[t]he District Court has exclusive jurisdiction to make a final disposition of any charge or a public offense denominated as a misdemeanor or violation, except where the charge is joined with an indictment for a felony . . . ." Goble and

7

Burdette were both indicted for multiple felonies and misdemeanors occurring in Scott County, which properly places their cases within the jurisdiction of the Scott Circuit Court. As such, Goble and Burdette are not entitled to first-class writs.

## II.    Goble and Burdette Are Not Entitled to Second-Class Writs.

To prove entitlement to a second-class writ, Goble and Burdette must show "that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted." *Hoskins*, 150 S.W.3d at 10. They cannot meet this standard because the lower court did not act erroneously.

Both the Goble and Burdette cases involve (1) an agreement between the Scott County Commonwealth Attorney's Office and the Fayette County Attorney's Office to have the Fayette County Attorney act as special prosecutor before the Scott Circuit Court and (2) a letter from the Attorney General acknowledging the arrangement and appointing the special prosecutor "in accordance with [KRS] Chapter 15." Generally, the Commonwealth's attorney is responsible for prosecuting felonies and has the primary responsibility within a judicial circuit to present cases to the grand jury. KRS 15.725(1). Conversely, county attorneys are responsible for the prosecution of all criminal cases within the jurisdiction of the district court in the county or consolidated government where the county attorney is elected. KRS 15.725(2). The county

8

attorney prosecutes all misdemeanors, violations, and juvenile matters, and also conducts preliminary hearings in felony cases.

Kentucky Constitution Section 112 establishes judicial circuits and provides that circuit courts are courts of general jurisdiction, having authority over all causes not specifically delegated to other courts. Section 113 establishes judicial districts and provides that district courts are courts of limited jurisdiction able to exercise jurisdiction only when mandated by the legislature. In addition to these constitutional parameters, two statutes are particularly relevant to our inquiry. KRS 15.725(3) states:

> The Commonwealth's attorney and county attorneys in a judicial circuit shall cooperate in the enforcement of criminal and penal laws of the Commonwealth. When necessary, the Commonwealth's attorney and county attorney shall assist each other in prosecution within their respective courts. **Each Commonwealth's attorney and county attorney may enter into agreements to share or redistribute prosecutorial duties in the Circuit and District Courts. Any prosecutorial or related duty assigned by statute to the Commonwealth's attorney may be performed by the county attorney, and any prosecutorial or related duty assigned by statute to the county attorney may be performed by the Commonwealth's attorney pursuant to these agreements**. Copies of the agreements shall when executed be forwarded to the Attorney General, the chief judges of the Circuit and District Courts, and the chief regional judges of the Circuit and District Courts.

(Emphasis added). KRS 15.730 states:

> Each regular Commonwealth's attorney and county attorney shall be, ex officio, a special prosecutor of the Commonwealth, and as such shall perform such duties and render such services, at such time and places, coextensive with the Commonwealth as may be required by the Attorney General. **The duties and services may include, but are not limited to, prosecution of or participation in action outside of his judicial circuit or judicial district when directed by the Attorney General** and assisting the Attorney General in preparation and presentation of the

9

Commonwealth's position in criminal cases appealed to Circuit Court, Court of Appeals, and the Supreme Court.

(Emphasis added).

Goble and Burdette argue that the Fayette County Attorney was erroneously appointed as special prosecutor given that the relevant statute, namely KRS 15.725(3), does not expressly permit a county attorney to prosecute felonies outside his or her judicial circuit. When interpreting a statute, a court should "give effect to the intent of the General Assembly." *Beckham v. Bd. of Educ.,* 873 S.W.2d 575, 577 (Ky. 1994).

> [W]e must look first to the plain language of a statute and, if the language is clear, our inquiry ends. We hold fast to the rule of construction that the plain meaning of the statutory language is presumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source. In other words, we assume that the Legislature meant exactly what it said, and said exactly what it meant.

*Univ. of Louisville v. Rothstein,* 532 S.W.3d 644, 648 (Ky. 2017) (citations and quotations omitted). "We also presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and **for it to harmonize with related statutes**." *Shawnee Telecom Res., Inc. v. Brown,* 354 S.W.3d 542, 551 (Ky. 2011) (emphasis added). Turning to the plain language of the statutes that authorize Commonwealth and county attorneys to participate in or prosecute criminal cases, we are satisfied that the trial court did not err in refusing to dismiss the indictment.

In this case a county attorney performed the functions of a Commonwealth attorney pursuant to a written agreement between the two offices and appointment by the Attorney General. KRS 15.725(3) explicitly

10

states that "[a]ny prosecutorial or related duty assigned by statute to the Commonwealth's attorney may be performed by the county attorney . . ." pursuant to agreements between the two to redistribute prosecutorial duties in circuit and district courts. Goble and Burdette emphasize that this particular statute does not authorize inter-circuit agreements as occurred here, i.e., it could authorize an agreement between the Scott County Commonwealth Attorney and the Scott County Attorney but not agreements between prosecutors from different circuits. As the Court of Appeals aptly observed, KRS 15.725(3) does not expressly authorize such agreements but neither does it prohibit them.

Cognizant of the need to consider "related statutes," *Shawnee Telecom*, 354 S.W.3d at 551, we turn to KRS 15.730. That statute provides in relevant part that "[e]ach regular . . . county attorney shall be, ex officio, a special prosecutor of the Commonwealth, and as such shall perform such duties and render such services, at such time and places, coextensive with the Commonwealth as may be required by the Attorney General." These duties include, but are not limited to, "prosecution of or participation in action outside of his judicial circuit or judicial district when directed by the Attorney General . . . ." *Id.*

Because county attorneys are permitted to perform the duties of a Commonwealth's attorney pursuant to an appropriate agreement and KRS 15.730 explicitly allows the performance of these duties outside of the county attorney's judicial circuit or judicial district, "when directed by the Attorney

11

General," the Fayette County Attorney may properly prosecute in place of the Scott County Commonwealth's Attorney under the facts of these cases. In short, the plain meaning of the statutory language supports the conclusion that county attorneys are permitted to perform the duties of a Commonwealth's attorney and can do so outside of their own judicial district with the requisite Attorney General appointment.

In support of their writ petitions, Goble and Burdette cite *Commonwealth v. Vibbert,* 397 S.W.3d 910 (Ky. App. 2013), in which the Court of Appeals addressed the distinction between district and circuit court jurisdiction. In that case the Court of Appeals reiterated this Court's holding in *Barnett v. Commonwealth,* 979 S.W.2d 98, 101 (Ky. 1998) that written agreements are required when a county attorney performs the duties of a Commonwealth's attorney, but no written agreement is required when a county attorney merely assists a Commonwealth's attorney in prosecution. Notably, in the cases before this Court, the Fayette County Attorney and the Scott County Commonwealth's Attorney have a written agreement regarding the distribution and sharing of prosecutorial duties.[2] Further, the Fayette County Attorney was specifically appointed by the Attorney General to prosecute the cases against Goble and Burdette. The *Vibbert* court was not tasked with distinguishing between the duties of Commonwealth and county attorneys or determining

---

[2] We note that this agreement is not in the record. However, all parties acknowledge that a written agreement between the offices exists and the two appointment letters from the Attorney General that are in the record reference the agreement.

when each can prosecute certain cases and thus that Court of Appeals opinion has little bearing in these appeals.

Ultimately, the statutes clearly allow a county attorney to perform prosecutorial duties outside his judicial district or circuit when directed by the Attorney General. Because the statutes are clear, the trial court properly denied Goble's and Burdette's motions to dismiss their indictments, resulting in no erroneous action on which to premise a second-class writ. We also note that, while not dispositive of these cases given the statutory authority, Goble and Burdette have failed to identify any irreparable harm or injury that would result from the Fayette County Attorney's prosecution of their respective cases.

### III. Goble and Burdette Are Not Entitled to Writs Under the Special Case Exception.

Goble and Burdette also argue that their petitions qualify for the special case exception. A court may grant a writ absent a showing of irreparable harm if

> a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration. It may be observed that in such a situation the court is recognizing that if it fails to act the administration of justice generally will suffer the great and irreparable injury."

*Hodge v. Coleman*, 244 S.W.3d 102, 109–10 (Ky. 2008).

In support, Goble and Burdette cite *Marcum,* 457 S.W.3d at 710, a disqualification of counsel case in which this Court held that the litigation of a case by a particular attorney cannot be remedied on appeal. In that case the trial court had deprived one party of their private counsel of choice on

13

appearance of impropriety grounds. Goble and Burdette argue that the same analysis should apply in the criminal context with prosecutors. They assert that while the issue of whether counsel should properly be allowed to litigate a case may not fall squarely under great and irreparable harm, the nature of the issue brings it under the special case exception that allows issuance of writs.

We agree that prosecution by an impermissible party—an unauthorized office or individual—is not a harm that can be adequately remedied on appeal. However, given our conclusion that the Fayette County Attorney is fully authorized by statute to prosecute the cases against Goble and Burdette, their writ petitions do not qualify for the special case exception.

### CONCLUSION

For the reasons discussed, we affirm the Court of Appeals' denial of the petitions for writs of mandamus.

All sitting. All concur.

14

COUNSEL FOR APPELLANT,
JOHN GOBLE:

Rhey Denniston Mills
Fred Everett Peters
Fred Peters Law Office

COUNSEL FOR APPELLANT,
AMOS BURDETTE:

John Elliott Cornett


COUNSEL FOR APPELLEE:

Honorable Jeremy Michael Mattox, Judge
Scott Circuit Court

COUNSEL FOR REAL PARTY IN
INTEREST, COMMONWEALTH OF
KENTUCKY:

Daniel J. Cameron
Attorney General of Kentucky

Larry Roberts
Special Assistant Attorney General